[This opinion has been published in *Ohio Official Reports* at 66 Ohio St.3d 217.]

THE STATE EX REL. MANCINO, APPELLANT, *v*. CAMPBELL, JUDGE, APPELLEE.

[Cite as *State ex rel. Mancino v. Campbell*, 1993-Ohio-68.]

*Prohibition—Request for writ prohibiting judge from proceeding with a show cause*
*hearing to find relator in contempt of court—Complaint dismissed, when.*

(No. 92-1836—Submitted January 19, 1993—Decided May 12, 1993.)

APPEAL from the Court of Appeals for Summit County, No. 15584.

_____

{¶ 1} Paul Mancino, Jr., appellant, an attorney, contests the dismissal of his complaint for a writ of prohibition in which he seeks to prevent Judge John H. Campbell, appellee, from proceeding with a show cause hearing to find Mancino in contempt of court.

{¶ 2} Mancino represented Richard Cusick on a criminal charge at a preliminary hearing in Cuyahoga Falls Municipal Court in Summit County. The municipal court found probable cause that Cusick committed a felony and bound him over to the Summit County Grand Jury. Under Crim. R. 55, the Cuyahoga Falls Municipal Court Clerk entered Mancino's name on the docket as Cusick's attorney and, under Crim. R. 5, transmitted Mancino's name as Cusick's attorney of record to the Clerk of Court of the Summit County Common Pleas Court.

{¶ 3} The grand jury indicted Cusick, and Campbell, to whom the case was assigned, scheduled an arraignment for Cusick. Mancino and Cusick received notice of the arraignment, but neither appeared. Upon receiving a telephone call from Campbell's bailiff on arraignment day, Mancino informed the bailiff that Mancino was not Cusick's attorney and that Mancino had advised Cusick to appear at the arraignment without him. Mancino also told the bailiff and, finally, Campbell that he would not appear under any circumstances. Campbell subsequently granted

Mancino's motion to withdraw as counsel and appointed another attorney to represent Cusick.

**{¶ 4}** Campbell, however, ordered Mancino to appear before him to show cause why Mancino should not be held in contempt for failing to appear at Cusick's arraignment. Campbell also ordered Mancino to bring his file on Cusick to deliver to Cusick's new attorney.

**{¶ 5}** Mancino filed a complaint for a writ of prohibition in the Court of Appeals for Summit County to prevent Campbell from exercising judicial authority over Mancino. The court of appeals, on motion by Campbell, dismissed the complaint because Campbell has general jurisdiction over contempt and because Mancino has an adequate remedy at law via appeal.

———————————

*Paul Mancino, Jr.*, pro se.

*Lynn C. Slaby*, Summit County Prosecuting Attorney, and *Patricia A. Cosgrove*, Assistant Prosecuting Attorney, for appellee.

———————————

**Per Curiam.**

**{¶ 6}** "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted * * *, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. (*Conley v. Gibson* [1957], 355 U.S. 41 [78 S.Ct. 99, 2 L.Ed.2d 80], followed)." *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

**{¶ 7}** We hold that Mancino can prove no set of facts entitling him to relief and affirm the judgment of the court of appeals.

**{¶ 8}** Mancino essentially argues that Campbell is patently and unambiguously without jurisdiction because Mancino has never appeared on behalf of Cusick in common pleas court. Therefore, he contends, the appellate court

should have denied the motion to dismiss and should have prohibited Campbell from proceeding with the show cause hearing. Campbell responds that we should affirm the dismissal of the complaint because he has general jurisdiction in contempt and that, consequently, Mancino can prove no set of facts entitling him to recovery.

{¶ 9} The Criminal Rules counter Mancino's argument that he has never made an appearance in common pleas court in the underlying case. Crim. R. 55(A) states:

"The clerk shall keep a criminal appearance docket. Upon the commencement of a criminal action the clerk shall assign each action a number. * * *.

"At the time the action is commenced the clerk shall enter in the appearance docket the names * * * of the parties in full, [and] the names of counsel * * *.

"An action is commenced for purposes of this rule by the earlier of, (a) the filing of a complaint, uniform traffic ticket, citation, indictment, or information with the clerk, or (b) the receipt by the clerk of the court of common pleas of a bind over order under Rule 5(B)(4)(a)."

{¶ 10} Crim. R. 5(B)(7) provides:

"Upon the conclusion of the [preliminary] hearing and finding [of probable cause], the court or the clerk of such court, shall, within seven days, complete all notations of appearance, motions, pleas, and findings on the criminal docket of the court, and shall transmit a transcript of the appearance docket entries, together with a copy of the original complaint and affidavits, if any, filed with the complaint * * * to the clerk of the court in which defendant is to appear. * * *"

{¶ 11} Thus, under Crim. R. 55(A), the municipal clerk of court is to record the appearance of a defendant's attorney during the clerk's handling of the case. The municipal court phase of the case culminates in the preliminary hearing, after which the municipal court may determine that probable cause exists to believe that

a felony has been committed and that the defendant committed it. If so, the municipal court binds the defendant over to the court of common pleas. Crim. R. 5(B)(4)(a). Under Crim. 5(B)(7), the municipal court clerk then transmits the appearance docket, which indicates the appearance of the defendant's attorney, to the common pleas clerk. Under these rules, an attorney has made an appearance in the case, including in common pleas court, if he has appeared in municipal court for the defendant. In the instant case, accordingly, Campbell has jurisdiction to oversee Mancino's representation of Cusick.

{¶ 12} In *Burt v. Dodge* (1992), 65 Ohio St.3d 34, 599 N.E.2d 693, and *State ex rel. Heath v. Ohio State Med. Bd.* (1992), 64 Ohio St.3d 186, 593 N.E.2d 1386, we affirmed dismissals of original actions because the relator, being unable to establish an essential element of the action, could prove no set of facts entitling him to relief. In *Burt*, a prohibition action, the common pleas court had jurisdiction over contempt and, thus, the power to issue an arrest warrant that the relator had sought to prohibit. In *Heath*, a mandamus action, the relator had an adequate remedy provided by a statutory appeal.

{¶ 13} Here, Campbell has jurisdiction over Mancino and has statutory and inherent powers "* * * to punish disobedience of its orders with contempt proceedings." *Zakany v. Zakany* (1984), 9 Ohio St.3d 192, 9 OBR 505, 459 N.E.2d 870, syllabus. Moreover, appealing a contempt order is an adequate remedy at law which will result in denial of the writ. *Manrow v. Court of Common Pleas of Lucas Cty.* (1985), 20 Ohio St.3d 37, 20 OBR 285, 485 N.E.2d 713.

{¶ 14} Mancino, thus, cannot establish that the exercise of judicial authority here is unauthorized by law or that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. Being unable to establish these essential elements of prohibition, *State ex rel. Tollis v. Cuyahoga Cty. Court of Appeals* (1988), 40 Ohio St.3d 145, 147, 532 N.E.2d 727, 729, he can prove no set of facts entitling him to recovery.

**{¶ 15}** Accordingly, we affirm the judgment of the court of appeals dismissing the complaint.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, J., dissents.

———————————

**PFEIFER, J., dissenting.**

**{¶ 16}** The majority takes a circuitous and questionable route in finding that the trial court had obtained jurisdiction over the relator attorney in this case. Having concluded that the trial court's decision to punish the relator in contempt is unwarranted, I would not traverse the tortuous, tenuous trail taken by the majority. I would grant the writ of prohibition.

———————————