The STATE ex rel. BRADLEY

v.

STRALKA, Judge.

[Cite as *State ex rel. Bradley v. Stralka* (1999), 134 Ohio App.3d 256.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76212.

Decided Sept. 2, 1999.

*Mark B. Marein,* for relator.

*Gerald R. Stachewicz,* for respondent.

JAMES D. SWEENEY, Judge.

The basic facts are that a Mr. Chesney appeared before Judge Stralka's court at an arraignment. Chesney, incorrectly, told Judge Stralka that his attorney was Steven L. Bradley, so the court set the matter for trial and sent notice of the trial date to Bradley. When Bradley received the notice of hearing, he sent the court a letter explaining that Chesney had misinformed the court, that Chesney

was not a current client of Bradley's,[1] and that Bradley would not be attending the scheduled trial. When the court received this letter, Judge Stralka, instead of finding an attorney who would consent to representing Chesney, *sua sponte*, and without further consultation with Bradley, appointed Bradley to represent Chesney. When Bradley received notice of this unsolicited appointment, he sent another letter to the judge informing the court that he had no intention of representing Chesney before Judge Stralka's, or any other, court. The trial date eventually arrived and, predictably, Bradley did not appear. Judge Stralka then scheduled a show-cause hearing to hold Bradley in contempt of court for failing to appear at the scheduled trial. Bradley filed for a writ of prohibition with this court to vitiate the show-cause proceedings.

■ In order for a writ of prohibition to issue, relator must establish that (1) the court against whom the writ is sought is about to exercise judicial authority, (2) the exercise of such authority is authorized by law, and (3) the denial of the requested writ will cause injury to the relator for which there exists no other adequate remedy in the ordinary course of law. *State ex rel. Jones v. Garfield Hts. Mun. Court* (1997), 77 Ohio St.3d 447, 674 N.E.2d 1381.

In the case *sub judice*, the respondent argues that his appointment of Bradley as counsel for the defense subjected Bradley to the jurisdiction of the trial court and that, having done so, the trial court is vested with authority to oversee the attorney's representation before the court and can impose contempt as a sanction for that attorney's failure to appear at trial. The respondent relies upon *State ex rel. Mancino v. Campbell* (1993), 66 Ohio St.3d 217, 611 N.E.2d 319. In *Mancino*, attorney Paul Mancino, Jr. represented a Mr. Cusick at a preliminary hearing in Cuyahoga Falls Municipal Court. That municipal court found probable cause that Cusick had committed a felony and bound him over to Summit County Common Pleas Court. The municipal court clerk, pursuant to Crim.R. 55, entered Mancino's name on the municipal court docket as attorney of record, and under Crim.R. 5, transmitted Mancino's name as attorney of record to the Clerk of Court of the Summit County Common Pleas Court. Cusick was then indicted by the grand jury, and Judge Campbell of the common pleas court scheduled an arraignment for Cusick. Mancino and Cusick received notice of the arraignment. Mancino told Cusick to appear at the arraignment without him (Mancino), and Mancino, on the day of arraignment, informed Judge Campbell's bailiff that he (Mancino) was not Cusick's attorney and that he (Mancino) would not be appearing under any circumstances. Judge Campbell then appointed another attorney to represent Cusick and scheduled a show-cause hearing for

---

1. Bradley had previously represented Chesney in Cuyahoga County Common Pleas Court on another matter, but had been granted permission to withdraw as counsel by the court.

Mancino for failing to appear at the arraignment. Mancino sought a writ of prohibition. The appeals court dismissed the complaint because Judge Campbell had general jurisdiction over contempt and because Mancino had an adequate remedy at law via appeal. The Supreme Court affirmed the appellate court decision because Mancino, by virtue of the previously cited Rules of Criminal Procedure and the actions of the clerk of the municipal court in recording Mancino as attorney of record and transmitting Mancino's name to the common pleas court, had made an appearance in common pleas court on behalf of Cusick, thereby subjecting Mancino to the jurisdiction of the common pleas court.

The present case does not support the application of *Mancino* in that attorney Bradley never made an appearance in Judge Stralka's court on behalf of Chesney, nor did Bradley's prior representation in common pleas court relate to the offense that Chesney was accused of in Judge Stralka's court, which was the case in *Mancino*. Because Bradley never made a predicate appearance on behalf of Chesney with regard to this offense, Judge Stralka never lawfully obtained jurisdiction over him. Certainly, Bradley never consented to his appointment as counsel.

Therefore, the order of appointment, under the facts presented, is constitutionally void *ab initio*, thereby depriving Judge Stralka of jurisdiction to conduct a show-cause hearing premised on the faulty appointment of Bradley.

*Writ granted.*

PATTON, J., concurs.

O'DONNELL, P.J., dissents.

O'DONNELL, Presiding Judge, dissenting.

I dissent because I believe the law does not authorize issuance of a writ of prohibition in this instance.

In this case, Steven L. Bradley has filed a complaint for a writ of prohibition through which he seeks an order from this court to prevent the respondent, Judge Kenneth R. Stralka, from conducting a show cause hearing in the matter known as *City of Independence v. Frank Chesney*, Garfield Heights Municipal Court case Nos. 99–CRB–00060 and 99–CRB–00061. The respondent has filed an answer and requests this court to dismiss the complaint and to deny the writ.

In Garfield Heights Municipal case Nos. 99–CRB–00060 and 99–CRB–00061, the defendant, Frank Chesney, appeared before the respondent and indicated that the relator had been retained as defense counsel. On March 2, 1999, the relator forwarded a letter to the respondent, which provided:

"I recently received notice that Mr. Chesney is scheduled for trial on March 19, 1999. Please be advised that I do not represent Mr. Chesney in reference to the above-captioned matters. Necessarily, I do not intend to appear on Mr. Chesney's behalf at the scheduled trial date. I have previously represented Mr. Chesney in connection with a pending felony matter; however, I have since been permitted by the Court [Cuyahoga County Court of Common Pleas] to withdraw as counsel of record."

The respondent, however, apparently ignored the relator's letter of March 2, 1999, and through two separate orders, as journalized March 12, 1999, appointed the relator as Frank Chesney's attorney and further ordered that relator appear for trial on March 19, 1999. On March 12, 1999, the relator once again forwarded a letter to the respondent, which stated, "I do not represent Mr. Chesney, nor do I intend to represent his interests in your court or any other court. * * *" On March 25, 1999, the respondent, in response to the relator's failure to appear for trial on March 19, 1999, issued an order that provided that relator was to appear at a show cause hearing, on March 31, 1999, to determine whether the relator should be held in contempt of court. On March 31, 1999, the relator filed his complaint for a writ of prohibition in this court in an attempt to prevent the respondent from conducting the show cause hearing.

In order for this court to issue a writ of prohibition, the relator must establish that (1) the court against whom the writ is sought is about to exercise judicial authority, (2) the exercise of such authority is unauthorized by law, and (3) the denial of the requested writ of prohibition will cause injury to the relator for which there exists no other adequate remedy in the ordinary course of law. *State ex rel. Jones v. Garfield Hts. Mun. Court* (1997), 77 Ohio St.3d 447, 674 N.E.2d 1381; *State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas* (1996), 74 Ohio St.3d 536, 660 N.E.2d 458. In addition, absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction may determine its own jurisdiction, and a party challenging the court's jurisdiction possesses an adequate remedy at law through an appeal. *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 646 N.E.2d 1110.

A trial court possesses both statutory and inherent powers to punish disobedience of its orders through contempt proceedings. R.C. 2705.02; *Zakany v. Zakany* (1984), 9 Ohio St.3d 192, 9 OBR 505, 459 N.E.2d 870; *State ex rel. Dow Chem. Co. v. Cuyahoga Cty. Court of Common Pleas* (1982), 2 Ohio St.3d 119, 2 OBR 668, 443 N.E.2d 143; *Harris v. Harris* (1979), 58 Ohio St.2d 303, 12 O.O.3d 291, 390 N.E.2d 789; *State ex rel. Turner v. Albin* (1928), 118 Ohio St. 527, 161 N.E. 792. In addition, the respondent's appointment of the relator as counsel on behalf of Frank Chesney arguably subjected the relator to the jurisdiction of the respondent. See *State ex rel. Mancino v. Campbell* (1993), 66 Ohio St.3d 217, 611

N.E.2d 319, wherein the court held that a trial court possesses jurisdiction to oversee an attorney's representation of a criminal defendant and can impose contempt as a sanction for failure of an attorney to appear at a scheduled court proceeding.

Here, respondent is authorized by law to conduct a show cause hearing to determine whether the relator should be held in contempt of court for failing to appear as appointed legal counsel for Frank Chesney in Garfield Heights Municipal Court case Nos. 99–CRB–0060 and 99–CRB–0061. In addition, relator has an adequate remedy at law by way of appeal from any adverse ruling and may also seek a stay of execution of any sanction imposed by the respondent as a result of a finding of contempt, first in the trial court and, if denied, in this court. *State ex rel. Tollis v. Cuyahoga Cty. Court of Appeals* (1988), 40 Ohio St.3d 145, 532 N.E.2d 727. Hence, the law provides an adequate legal remedy for improper exercise of judicial authority.

Accordingly, in my view, relator cannot establish that respondent's exercise of judicial authority, through a show-cause hearing, is unauthorized by law or that a denial of the requested writ of prohibition will result in injury for which there exists no adequate remedy in the ordinary course of law. For these reasons, I would deny the writ and dismiss the petition at relator's costs.