PETITION FOR WRIT OF PROHIBITION
The basic facts are that a Mr. Chesney appeared before Judge Stralka's court at an arraignment. Chesney, incorrectly, told Judge Stralka that his attorney was Bradley, so the court set the matter for trial and sent notice of the trial date to Bradley. When Bradley received the notice of hearing, he sent the court a letter explaining that Chesney had misinformed the court, that Chesney was not a current client of Bradley's,[1] and that Bradley would not be attending the scheduled trial. When the court received this letter, Judge Stralka, instead of finding an attorney who would consent to representing Chesney, sua sponte,
and without further consultation with Bradley, appointed Bradley to represent Chesney. When Bradley received notice of this unsolicited appointment he sent another letter to the judge informing the court that he had no intention of representing Chesney before Judge Stralka's, or any other, court. The trial date eventually arrived and, predictably, Bradley did not appear. Judge Stralka then scheduled a show cause hearing to hold Bradley in contempt of court for failing to appear at the scheduled trial. Bradley filed for a Writ of Prohibition with this court to vitiate the show cause proceedings.
In order for a Writ of Prohibition to issue, Relator must establish that: (1) the court against whom the Writ is sought is about to exercise judicial authority; (2) the exercise of such authority is authorized by law; and, (3) the denial of the requested Writ will cause injury to the relator for which there exists no other adequate remedy in the ordinary course of law.State ex rel. Jones v. Garfield Hts. Mun. Court (1997), 77 Ohio St.3d 447.
In the case sub judice, the Respondent argues that Judge Stralka's appointment of Bradley as counsel for the defense subjected Bradley to the jurisdiction of the trial court and that, having done so, the trial court is vested with authority to oversee an attorney's representation before the court and can impose contempt as a sanction for that attorney's failure to appear at trial. The Respondent relies upon State ex rel. Mancinov. Campbell (1993), 66 Ohio St.3d 217. In Mancino,
attorney Paul Mancino, Jr., represented a Mr. Cusick at a preliminary hearing in Cuyahoga Falls Municipal Court. That Municipal Court found probable cause that Cusick had committed a felony and bound him over to Summit County Common Pleas Court. The Municipal Court Clerk, pursuant to Crim.R. 55, entered Mancino's name on the municipal court docket as attorney of record, and under Crim.R. 5 transmitted Mancino's name as attorney of record to the Clerk of Court of the Summit County Common Pleas Court. Cusick was then indicted by the grand jury and Judge Campbell of the common pleas court scheduled an arraignment for Cusick. Mancino and Cusick received notice of the arraignment. Mancino told Cusick to appear at the arraignment without him (Mancino), and Mancino, on the day of arraignment, informed Judge Campbell's bailiff that he (Mancino) was not Cusick's attorney and that he (Mancino) would not be appearing under any circumstances. Judge Campbell then appointed another attorney to represent Cusick and scheduled a show cause hearing for Mancino for failing to appear at the arraignment. Mancino sought a writ of prohibition. The appeals court dismissed the complaint because Judge Campbell had general jurisdiction over contempt and because Mancino had an adequate remedy at law via appeal. The Supreme Court affirmed the appellate court decision because Mancino, by virtue of the previously cited Criminal Rules of Procedure and the actions of the Clerk of the Municipal Court in recording Mancino as attorney of record and transmitting Mancino's name to the common pleas court, had made an appearance in common pleas court on behalf of Cusick, thereby subjecting Mancino to the jurisdiction of the common pleas court.
The present case does not support the application of Mancino in that attorney Bradley never made an appearance in Judge Stralka's court on behalf of Chesney, nor did Bradley's prior representation in common pleas court relate to the offense which Chesney was accused of in Judge Stralka's court, which was the case in Mancino. Because Bradley never made a predicate appearance on behalf of Chesney with regard to this offense, Judge Stralka never lawfully obtained jurisdiction over him. Certainly, Bradley never consented to his appointment as counsel.
Therefore, the order of appointment, under the facts presented, is constitutionally void ab initio, thereby depriving Judge Stralka of jurisdiction to conduct a show cause hearing premised on the faulty appointment of Bradley.
JOHN T. PATTON, J., CONCURS; TERRENCE O' DONNELL, P.J.,DISSENTS WITH DISSENTING OPINION ATTACHED.
 _________________________ JAMES D. SWEENEY, JUDGE
[1] Bradley had previously represented Chesney in Cuyahoga County Common Pleas Court on another matter, but had been granted permission to withdraw as counsel by common pleas court.