OPINION
Defendant-appellant, Esther Ethel Derthick, appeals the trial court's division of property and a contempt finding against her in the divorce of Esther and plaintiff-appellee, Richard C. Derthick, Jr. We affirm the decision of the trial court.
The parties married on June 16, 1994. The magistrate found the marriage ended on October 13, 1997, the date Richard filed for divorce. Richard is an Ohio State Highway Patrol Trooper. On October 15, 1997, the magistrate issued a restraining order prohibiting Esther from, inter alia, "INTERFERING WITH, HARASSING, OR COMING ABOUT THE PERSON OF THE PETITIONER [Richard]." On January 30, 1998, Richard moved for contempt alleging Esther violated the restraining order. The motion alleged that Ether had contacted Richard's place of employment and stated that Richard had reported to work intoxicated; told people in Washington Court House that Richard had his cruiser taken away; and stated that Richard had been suspended and disciplined.
On February 4 and 20, 1998, a magistrate held a final divorce hearing which addressed the division of property as well as the contempt motion. On February 27, 1998, the magistrate issued a decision dividing the marital property. The magistrate also ruled Richard purchased the marital residence prior to the marriage and, despite improvements to the house by Esther, found there was no evidence the marital residence increased in value during the marriage. Richard was awarded the marital residence as his separate property.
The magistrate outlined the division of various items of personal property. The magistrate found both parties accumulated credit card debt before and during the marriage. The magistrate found Richard had accumulated credit card debt of $55,484, but only $23,672 was accumulated before the marriage. The "difference,"[1] $27,812, was found to be a marital debt and divided equally among the parties. The magistrate found Richard contributed $1,500 to his pension during the marriage. Since neither party presented evidence to appraise the marital portion of the pension, the magistrate assigned $1,500 as the value. However, the magistrate concluded Esther forfeited her marital share of the pension by conducting a garage sale which included marital assets.
The magistrate found Esther in contempt of the restraining order and ordered Esther to serve five days in jail and pay a $250 fine. The jail time and fine were suspended conditioned upon Esther ceasing to harass Richard and complying with all court orders.
On March 11, 1998, Esther filed objections to the magistrate's ruling and requested findings of fact and conclusions of law. Esther objected to the division of property as well as the contempt finding. On May 26, 1998, Esther filed supplemental objections to the magistrate's ruling. The trial judge concluded that the magistrate's decision failed to equitably divide any appreciation in the marital residence. The trial judge ordered the magistrate to hear evidence on the appreciation, if any, of the marital residence during the marriage. After the hearing, the magistrate concluded there was no evidence the marital residence had appreciated in value during the marriage. Therefore, the magistrate did not modify his earlier findings. Neither party filed further objections. The trial court adopted the magistrate's findings. Esther appealed and assigns two assignments of error for our review:
Assignment of Error No. 1:
 THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT DIVIDED THE PROPERTY.
A trial court has broad discretion in equitably dividing marital property. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,218. Upon appellate review, the trial court's division of marital property will be upheld unless the decision constitutes an abuse of discretion. Cherry v. Cherry (1981), 66 Ohio St.2d 348,355. An abuse of discretion means the decision of the trial court was unreasonable, arbitrary or unconscionable. Blakemore at 219. We have recently held that whether property is classified as marital or separate is subject to a manifest weight of the evidence standard of review. Johnson v. Johnson (Sept. 27, 1999), Warren App. No. CA99-01-001, unreported, at 7. The factual findings of the trial court concerning the classification of property as marital or separate "are reviewed to determine whether they are supported by competent, credible evidence." Id.
Esther argues that the magistrate abused his discretion by assigning one-half of the credit card debt accumulated on Richard's credit cards during the marriage to her. We disagree. The evidence shows Richard paid the mortgage and other household expenses during the marriage. Richard purchased a new stove and refrigerator for the marital residence on his credit cards. We agree that much of Richard's credit card debt was not accounted for by either party. In the absence of such evidence, the debt is presumptively classified as marital. Johnson at 8. Given the evidence available to render a decision and our deferential standard of review, the magistrate was entitled to conclude that the credit card debt Richard accumulated during the marriage was marital debt and should be divided equally between the parties.
Esther argues the decision of the magistrate that she must forfeit her marital share of Richard's pension due to the garage sale was an abuse of discretion. Esther argues the evidence was undisputed that all the items in the garage sale were Esther's separate property and, in any event, the proceeds of the sale were only $900. Esther further argues that Richard contradicted his own testimony regarding his contribution to the pension fund. After reviewing the transcript, it is not clear that all the items sold in the garage sale were Esther's separate property. Richard testified the scope of the garage sale was beyond what he had expected. The testimony also indicates Esther may have taken marital property from the marital residence when she separated from Richard. The magistrate was entitled to conclude Esther usurped the role of the court to classify property as marital or separate. Due to Esther's financial misconduct, the magistrate was entitled to allow Richard to keep the entire marital portion of his pension fund. R.C. 3105.171(E)(3). In addition, the magistrate valued the pension fund based on the most logical view of the evidence given. It is not the fault of the magistrate the evidence was not presented in a more coherent fashion.
The evidence was undisputed that the marital residence did not increase in value during the marriage and, therefore, Esther was not entitled to any amount for her improvements to the marital residence. We recognize that Esther spent her time and money working on the marital residence. However, her testimony that she improved the house and still managed to work up to one hundred sixty-eight hours a week is nonsensical. More importantly, without any showing of an increase in the monetary value of the residence, the magistrate reasonably could conclude Esther was not entitled to compensation for creating a subjectively nicer house. In fact, Esther's testimony indicates the monetary value of the house may have decreased. The first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT FOUND ESTHER IN CONTEMPT FOR VIOLATING THE PROTECTIVE ORDER.
The record shows Esther called Richard's supervisor at his Ohio State Highway Patrol post in November 1997, and a second time in December 1997 or January 1998. She alleged Richard was a "chronic alcoholic" and drinks every day. Esther also alleged Richard abused her. Esther testified that, due to Richard's drinking, she "did not know how his blood could be clear [in the morning]" when he worked. Esther told neighbors about Richard's drinking.
Kenneth C. Wormeyer, District Commander of the Wilmington District Headquarters of the Ohio Highway Patrol, testified that Esther was concerned about Richard abusing her and "his involvement with alcohol on and off duty." Esther mentioned in the second conversation that she believed Richard was under the influence of alcohol in an automobile accident, which occurred on or about November 1997. Upon hearing of the accident from an acquaintance, Esther called 1-800-GRAB-DUI. Wormeyer told Esther that the law enforcement at the scene of the accident did not find Richard was under the influence of alcohol. Esther also called a "counselor for troopers" in Columbus concerning Richard's drinking. Finally, Victor Alyshire, a neighbor of Richard, was asked by Esther to corroborate her story that Richard drove his cruiser after drinking. However, Alyshire testified she had never seen Richard drive his cruiser after drinking.
The magistrate was in the best position to evaluate the credibility of Esther's testimony and the other witnesses at the contempt hearing. The record is such that the magistrate was entitled to conclude Esther was violating a court order by harassing Richard. Zakany v. Zakany (1984), 9 Ohio St.3d 192. This court will not reverse a contempt order by a trial court unless the trial court abused its discretion. Ledford v. Ledford
(Dec. 2, 1996), Butler App. No. CA95-12-215, unreported, at 7-8, citing State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10,11. We conclude the magistrate's finding of contempt has support in the record and was not an abuse of discretion. The second assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.
[1] The math error was not addressed by either party to this appeal.