ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant William Asad ("husband") appeals from the judgment of the trial court sustaining a garnishment order in favor of plaintiff-appellee Janice Asad ("wife"). For the reasons set forth below, we affirm.
 {¶ 2} Husband and wife were divorced in 1995. The relevant portion of the judgment entry for divorce provided that husband was to pay varying amounts of spousal support to wife and $24,000 of wife's attorney fees,[1] orders which this court upheld in Asad v. Asad (June 19, 1997), Cuyahoga App. Nos. 70075, 70081 and 70243. (Asad I). In March of 1998, the Cuyahoga County Court of Common Pleas Domestic Relations division adopted the findings of fact and conclusions of law of a magistrate, who found that the husband was in contempt of court for failure to abide by the court's order regarding support. This court affirmed that determination in Asad v. Asad (1999), 131 Ohio App.3d 654
(Asad II).
 {¶ 3} After a hearing to modify spousal support at husband's request, a magistrate determined that circumstances had not so changed to warrant a modification. The magistrate also found that husband was $22,740.85 in arrears due to his failure to satisfy the trial court's orders to pay wife. The trial court adopted the magistrate's findings and ordered that support payments continue and husband pay the arrearage to wife. This court affirmed that determination in Asad v. Asad (Dec. 13, 2001), Cuyahoga App. No. 79258 (Asad III).
 {¶ 4} In July of 2002, the trial court, after conducting a hearing and considering briefs of the parties on the issues, released funds from the Cuyahoga County Support Enforcement Agency to Janice and issued a wage withholding order against husband's income in order to satisfy husband's arrearages. Husband appealed the wage garnishment order and this court affirmed in Asad v. Asad, Cuyahoga App. No. 81683, 2003-Ohio-1356 (Asad IV).
 {¶ 5} In October of 2003, wife filed a bank attachment to satisfy her judgment, after learning that husband was going to receive $20,000 from the settlement of a case he had pending in Medina county. It was wife's understanding that husband was going to deposit the funds at First Merit Bank. However, before wife could successfully attach the full amount of the settlement, husband allegedly disposed of the funds. The bank attachment was successful insofar as wife was able to obtain the money remaining in the account, to wit $1,399.
 {¶ 6} Following a hearing on husband's objections to the attachment order by the Lyndhurst Municipal Court, the court sustained the order and released the funds to wife. It is from this ruling that husband now appeals, asserting this sole assignment of error for our review:
 {¶ 7} "I. The trial court erred and abused its discretion by sustaining the garnishment order."
 {¶ 8} In his assignment of error, husband maintains that the Lyndhurst Municipal Court improperly allowed a $23,467.60 garnishment order to stand Specifically he avers that because his monthly income is garnished at the rate of $600 through an order of the Cuyahoga County Court of Common Pleas division of Domestic Relations, any additional garnishment ordered by any other court is improper. We find no merit to husband's contentions.
 {¶ 9} A review of the record reveals that husband's request for a hearing to dispute the garnishment order failed to set forth any reason that the garnishment order was improper. In fact, the trial court sustained the garnishment order, citing that husband failed to identify any reason why the order should not stand and further failed to present any evidence that the garnishment was made on exempt funds. We find that husband failed to properly contest the bank attachment proceeding at the trial court and we decline to consider his arguments for the first time on appeal. State v. Sibert, 74 Ohio St.3d 342, 1996-Ohio-15, citing Zakany v. Zakany (1984), 9 Ohio St.3d 192, 193.
 {¶ 10} Notwithstanding the above, we note that the garnishment order in this case was proper. R.C. 2716.11[2]
provides for the commencement of proceedings for the garnishment of property after a judgment creditor has properly obtained a judgment. In this case, the trial court found that wife properly obtained a judgment against husband for his support arrearages.
 {¶ 11} R.C. 2716.13 (C)(2) provides that a judgment debtor may request a hearing to dispute the right of the judgment creditor to garnish. "[T]he hearing shall be limited to a consideration of the amount of money, property, or creditors other than personal earnings, of the judgment debtor to the judgment creditor." Id. In this case, the trial court found that husband failed to present any evidence at the hearing that the garnishment order was made on exempt funds. As stated above, the court also found that he failed to delineate any reason that the garnishment order was improper. In the absence of any evidence to the contrary, we find that the trial court's judgment enforcing the garnishment order was proper.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lyndhurst Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Kilbane, J., Concur.
[1] Husband was permitted to offset $10,000 of attorney fees against his share of the marital home.
[2] Husband relies on R.C. 2716.06 (C), which permits a judgment debtor to request a hearing for the purpose of disputing the judgment creditor's right to garnish the judgment debtor's personal earnings. However, husband concedes in his brief that wife initiated an action in the Lyndhurst Municipal Court for garnishment of property other than personal earnings. In the absence of an allegation that the funds in his account were strictly personal earnings, husband's reliance on R.C. 2716.06
(C) and attendant case law is misplaced. Husband also relies on the Consumer Credit Protection Act,15 U.S.C. § 1673(b)(2)(A) for support. However, that section applies to a wage garnishment proceeding and has no bearing on this bank attachment proceeding.