DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court which found appellant in contempt of court. For the reasons set forth below, this court reverses the judgment of the trial court. *Page 2 
 {¶ 2} Appellant, Ronnie Wingate, sets forth the following sole assignment of error:
 {¶ 3} "1. The trial court erred when it made a finding of contempt."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. This case arises from the untimely arrival of a defense attorney scheduled to appear to represent a criminal client at trial in the Toledo Municipal Court.
 {¶ 5} On September 13, 2006, defense attorney Wingate was scheduled to represent a client at trial set to commence at 1:30 p.m. To place this scenario in context, Wingate and his client had a pattern of untimely arrivals for prior court appearances in the same case. Their failure to timely appear had necessitated rescheduling the case to the inconvenience of victims and witnesses who appeared on time.
 {¶ 6} The multitude of delays in timely resolution of the case incensed the trial judge. The trial judge's frustration escalated in the wake of another untimely appearance at trial.
 {¶ 7} On September 13, 2006, trial was set at 1:30 p.m. The record shows that the victims and witnesses appeared in a timely fashion. Defense counsel Wingate arrived inordinately late for the 1:30 p.m. trial. He appeared shortly after 3:00 p.m, in excess of 90 minutes late.
 {¶ 8} Following Wingate's extremely untimely arrival for trial, the trial judge immediately found defense counsel in contempt of court based upon his untimely appearances on multiple occasions over the course of the case. *Page 3 
 {¶ 9} The trial judge fined appellant $500, crafting an unorthodox fine ruling in which he awarded each of the victims one-half of the $500 fine. This award of monies to the victims was done simultaneously with the contempt finding. This transpired prior to the trial in which the victims were witnesses. Appellant filed a timely notice of appeal of the contempt finding.
 {¶ 10} In his sole assignment of error, appellant contends that the trial court erred and abused its discretion in its contempt ruling. In support, appellant notes that the nature of his conduct must be construed as a finding of indirect contempt.
 {¶ 11} Ohio statutes mandate as prerequisites to a valid finding of indirect contempt that a written charge be filed with the clerk of court and that the accused be given an opportunity to be heard. Neither of these statutory prerequisites to a finding of indirect contempt were complied with in this case.
 {¶ 12} It is well established that a court has the authority to punish disobedience of its orders pursuant to both inherent power as well as statutory authority. Zakany v. Zakany (1984), 9 Ohio St.3d 192, ¶ 27. A contempt order will not be reversed unless the trial court abused its discretion. State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10,11. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 13} R.C. 2705.01 establishes that misbehavior conducted in the presence of the court or judge that obstructs the administration of justice constitutes acts of direct contempt. By contrast, in the instant case, appellant's contemptuous conduct was an *Page 4 
excessively tardy arrival for a previously scheduled trial in which he was representing the defendant.
 {¶ 14} R.C. 2705.02(A) establishes that actions of an indirect nature may be construed and punished as contempt of court when one engages in, "disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer." This is precisely the scenario found in the present case.
 {¶ 15} Appellant's tardy arrival constitutes disobedience of an order of the court that appellant appear to represent his client at trial on September 13, 2006, at 1:30 p.m. As such, we find such conduct can only be construed as constituting indirect contempt of court.
 {¶ 16} R.C. 2705.03 mandates that a written charge be filed with the clerk of court and an opportunity to the accused to be heard all occur prior to one being found in indirect contempt of court. The record in this case establishes that neither of these statutory prerequisites occurred prior to the disputed contempt finding.
 {¶ 17} Under such circumstances, we find the contempt finding was arbitrary. In the face of its mounting frustration with defense counsel's untimeliness, the trial court issued a premature contempt finding without complying with the statutory prerequisites. The trial court abused its discretion. We find appellant's sole assignment of error well-taken.
 {¶ 18} The judgment of the Toledo Municipal Court is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's *Page 5 
expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT REVERSED. *Page 1