[Cite as *State ex rel. Mancino v. Tuscarawas Cty. Court of Common Pleas*, 2016-Ohio-5763.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, EX REL., | : | JUDGES: |
| PAUL MANCINO, JR. | : | Hon. Sheila G. Farmer, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| Relator | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| COURT OF COMMON PLEAS FOR | : | Case No. 2016 AP 05 0029 |
| TUSCARAWAS COUNTY AND | : | |
| JUDGE ELIZABETH L. THOMAKOS | : | |
| | : | |
| Respondents | : | O P I N I O N |


CHARACTER OF PROCEEDING:             Writ of Prohibition



JUDGMENT:             Dismissed



DATE OF JUDGMENT:             September 7, 2016



APPEARANCES:

For Petitioner                                    For Respondents

PAUL MANCINO, JR., Pro Se              ROBERT R. STEPHENSON II
75 Public Square                              Assistant Prosecuting Attorney.
Suite 1016                                        125 East High Avenue
Cleveland, OH  44113                        New Philadelphia, OH 44663

*Farmer, J.*

{¶1}   Relator, Paul Mancino, Jr., has filed a Petition for Writ of Prohibition requesting this Court to issue a writ prohibiting Respondent from holding a hearing on a contempt motion filed in Respondent's court.  Respondent has filed an answer as well as a motion to dismiss for failure to state a claim upon which relief may be granted.

### FACTS

{¶2}   Relator represented defendant Samuel Geneva in a civil lawsuit in Respondent's court.  As part of that suit, the trial court issued the following order, "It is further ORDERED that the funds transferred to Attorney Paul Mancino, Jr. in the amount of $37,500.00 be **attached** and that the Defendant, Samuel Geneva, **return said finds to be deposited in Account No. . . .of The First National Bank of Dennison on or before the 12ᵗʰ day of March, 1999."** (Trial Court Case Numbers 1996 CT 09 0390 and 1996 CT 09 0391, February 24, 1999, emphasis original, account number omitted).  The trial court also incorporated this order into the final order dated May 28, 1999.

{¶3}   On May 6, 2016, James Weaver as the Executor of the Estate of Samuel Geneva, Jr. filed a motion for contempt against Relator for failing to turn the funds over pursuant to Respondent's orders of February 24, 1999 and May 28, 1999.

{¶4}   In his complaint, Relator argues Respondent lacks jurisdiction over him because he was not a party to the case and was not the subject of the court order.  He also argues Weaver lacks standing to pursue the contempt motion..

**PROHIBITION**

{¶5}    "To be entitled to the requested writ of prohibition, [relator] must establish that (1) the court is about to exercise or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer,* 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18; *State ex rel. Miller v. Warren Cty. Bd. of Elections,* 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12." *State ex rel. Walton v. Williams*, 145 Ohio St.3d 469, 471, 2016-Ohio-1054, 50 N.E.3d 520, 523, ¶ 13 (2016).

{¶6}    A writ of prohibition, regarding the unauthorized exercise of judicial power, will only be granted where the judicial officer's lack of subject-matter jurisdiction is patent and unambiguous. *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 562 N.E.2d 125.

{¶7}    Courts have "statutory and inherent powers '* * * to punish disobedience of its orders with contempt proceedings.' *Zakany v. Zakany* (1984), 9 Ohio St.3d 192, 9 OBR 505, 459 N.E.2d 870, syllabus. Moreover, appealing a contempt order is an adequate remedy at law which will result in denial of the writ. *Manrow v. Court of Common Pleas of Lucas Cty.* (1985), 20 Ohio St.3d 37, 20 OBR 285, 485 N.E.2d 713." *State ex rel. Mancino v. Campbell*, 66 Ohio St.3d 217, 220, 1993-Ohio-68, 611 N.E.2d 319, 321 (1993).

{¶8}    In short, Respondent has jurisdiction over contempt proceedings.

{¶9}    Relator argues he is not the person who was ordered to perform the act in the trial court's order.  While this argument may be raised as a possible defense to the

contempt, even if is found to be true, it does not deprive the trial court of jurisdiction to hold a contempt hearing.

{¶10} Similarly, Relator's argument regarding the standing of the party bringing the contempt motion may also be raised as a defense to the contempt motion, but the trial court has jurisdiction to hold a hearing on the contempt motion. "[A] party's lack of standing does not affect the subject-matter jurisdiction of the court in which the party is attempting to obtain relief." *State ex rel. Saghafi v. Celebrezze*, 8th Dist. Cuyahoga No. 102746, 2015-Ohio-1159, ¶ 8.

{¶11} Finally, Relator has an adequate remedy at law by way of appeal should he be found to be in contempt of Respondent's order.

{¶12} For these reasons, we find Relator has failed to state a claim upon which relief may be granted and grant Respondent's motion to dismiss the complaint.

By Farmer, P.J.

Delaney.J. and

Baldwin, J. concur.

SGF/as 8/15