[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mancino v. Tuscarawas Cty. Court of Common Pleas,* Slip Opinion No. 2017-Ohio-7528.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-7528

THE STATE EX REL. MANCINO, APPELLANT, *v.* TUSCARAWAS COUNTY COURT OF COMMON PLEAS ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mancino v. Tuscarawas Cty. Court of Common Pleas,* Slip Opinion No. 2017-Ohio-7528.]

*Prohibition—Contempt proceedings against attorney in civil proceeding—Writ sought to prevent a hearing on a motion to show cause—Attorney failed to establish trial court's lack of jurisdiction—Court of appeals' denial of writ affirmed.*

(No. 2016-1502—Submitted June 6, 2017—Decided September 12, 2017.)

APPEAL from the Court of Appeals for Tuscarawas County,

No. 2016 AP 05 0029, 2016-Ohio-5763.

_____

**Per Curiam.**

{¶ 1} Appellant, attorney Paul Mancino Jr., appeals the dismissal of his petition for a writ of prohibition to stop appellees, the Tuscarawas County Court of

Common Pleas and Judge Elizabeth L. Thomakos, from holding a hearing on a motion to show cause. Because the court of appeals properly concluded that the common pleas court had jurisdiction over the motion, we affirm.

**Background**

{¶ 2} In 1999, Mancino defended Samuel Geneva in a civil lawsuit in the Tuscarawas County Common Pleas Court. In that civil suit, Judge Thomakos ordered the attachment of $37,500 that Geneva had transferred to Mancino, directed that the money be returned to Geneva's bank account, and ordered Geneva not to remove the money from his account.

{¶ 3} In 2014, Geneva passed away and an estate was opened in his name in probate court. *See In re Estate of Geneva*, 5th Dist. Tuscarawas No. 2016 AP 02 0013, 2016-Ohio-5382, ¶ 4. In 2015, the probate court "issued an order finding the Estate of Geneva is the owner of whatever remains of the $37,500 transferred to [Mancino] in 1999." *Id.* at ¶ 5. The order specified that the executor of the estate, James Weaver,[1] had "a duty to recover this estate asset." *Id.*

{¶ 4} In 2016, Weaver initiated contempt proceedings against Mancino in the earlier civil proceeding. He alleged that Mancino had failed to comply with the court's 1999 orders to transfer the $37,500 and sought a show-cause order. On May 10, 2016, the trial court ordered Mancino to appear at a hearing and show cause for his noncompliance.

{¶ 5} On May 18, 2016, Mancino filed the present action for a writ of prohibition in the Fifth District Court of Appeals, arguing that the trial court lacked jurisdiction to hold the show-cause hearing. Appellees filed an answer and a motion for judgment on the pleadings under Civ.R. 12(C) or, in the alternative, to dismiss for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6).

---

[1] Weaver was also Geneva's codefendant in the earlier civil lawsuit.

**{¶ 6}** On September 7, 2016, the court of appeals granted the motion to dismiss. 2016-Ohio-5763 at ¶ 12. The court held that the trial court had jurisdiction over the contempt proceedings and that Mancino had an adequate remedy at law by way of appeal. *Id.* at ¶ 7-8, 11. The court also noted that Mancino could raise his other arguments as defenses in the contempt proceeding. *Id.* at ¶ 9-10.

**{¶ 7}** Mancino appeals, asserting two propositions of law. He argues that appellees lack jurisdiction over him because he was not a party to the underlying civil action and was not subject to the court's 1999 orders. He also argues that Weaver lacks standing to file the motion to show cause. Appellees filed a brief in opposition, urging affirmance.

**Analysis**

**{¶ 8}** We review a lower court's decision to dismiss under Civ.R. 12(C) de novo.[2] *State ex rel. Ohio Civil Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 12. Dismissal under Civ.R. 12(C) is appropriate when there are no material disputes of fact and the court determines, construing all material allegations in the complaint as true, that the plaintiff or relator can prove no set of facts that would entitle him or her to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996).

**{¶ 9}** To be entitled to a writ of prohibition, Mancino would have to establish three elements: the exercise of judicial power, the lack of authority for the exercise of that power, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. But even if an adequate remedy exists, a writ may issue if

---

[2] The court of appeals stated that it was dismissing for failure to state a claim. 2016-Ohio-5763 at ¶ 12. However, because appellees had already filed an answer, we must view the ruling as having granted a motion for a judgment on the pleadings under Civ.R. 12(C). *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569, 664 N.E.2d 931 (1996), quoting *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 99, 616 N.E.2d 519 (1992) (" '[A] motion to dismiss filed after the pleadings have closed * * * is appropriately considered a motion for judgment on the pleadings pursuant to Civ.R. 12 (C)' ").

the lack of jurisdiction is patent and unambiguous. *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 9.

{¶ 10} A court has "statutory and inherent powers '* * * to punish [the] disobedience of its orders with contempt proceedings.' " (Ellipsis sic.) *State ex rel. Mancino v. Campbell*, 66 Ohio St.3d 217, 220, 611 N.E.2d 319 (1993), quoting *Zakany v. Zakany,* 9 Ohio St.3d 192, 459 N.E.2d 870 (1984), syllabus. Thus, the court of appeals correctly held that the common pleas court and Judge Thomakos had subject-matter jurisdiction over the contempt proceeding.

{¶ 11} Mancino nonetheless contends that the common pleas court lacked jurisdiction to issue the show-cause order because it lacked *personal* jurisdiction over him. "[I]ssuance of a writ of prohibition based on the alleged lack of personal jurisdiction is, even more than a claimed lack of subject-matter jurisdiction, an 'extremely rare occurrence.' " *State ex rel. Suburban Constr. Co. v. Skok*, 85 Ohio St.3d 645, 647, 710 N.E.2d 710 (1999), quoting *Clark v. Connor*, 82 Ohio St.3d 309, 315, 695 N.E.2d 751 (1998). In the "extremely rare cases where we issued the writ, the lack of personal jurisdiction was 'premised on a complete failure to comply with constitutional due process.' " *Id.*, quoting *Fraiberg v. Cuyahoga Cty. Court of Common Pleas*, 76 Ohio St.3d 374, 378, 667 N.E.2d 1189 (1996).

{¶ 12} Mancino presents three arguments for the trial court's lack of jurisdiction, none of which establishes complete noncompliance with constitutional due process.

{¶ 13} First, he objects that the court lacks jurisdiction to issue a contempt order against him because, although he represented a party to the underlying civil action, he was not a party to the action. But a court has personal jurisdiction over attorneys practicing before it. When an attorney is the counsel of record in a case, "the court has personal jurisdiction over her for purposes of enforcing its orders." *In re Contempt of Marshall*, 8th Dist. Cuyahoga No. 88780, 2007-Ohio-6639, ¶ 20 (rejecting an attorney's argument that the trial court lacked jurisdiction over her

because she was not a party to the action); *see also In re Kinross*, 84 Ohio App.3d 335, 340, 616 N.E.2d 1128 (1st Dist.1992) (trial court had personal jurisdiction over an attorney who practiced within its jurisdictional boundaries and had attended hearings before the court and was subject to its subpoena power). Thus, here, the trial court had jurisdiction over Mancino as counsel for Geneva.

{¶ 14} Second, Mancino asserts that he was not accorded due process of law before the trial court issued its 1999 orders and therefore was not subject to them. According to Mancino, he received very little, if any, notice of the trial court's 1999 hearing on the funds and had no opportunity to be heard. As a result, he contends the trial court's orders from that hearing were invalid. Mancino can raise this due-process challenge, as well as any additional challenges to the trial court's contempt order, on appeal. *See State ex rel. Mancino v. Campbell*, 66 Ohio St.3d at 220, 611 N.E.2d 319.

{¶ 15} Finally, Mancino contends that Weaver lacked standing to file the motion to show cause because Weaver did not have a personal stake in the contempt proceeding. But that is factually incorrect. Weaver did not file the motion until after a probate court had specifically ordered him, as the executor of Geneva's estate, to recover "whatever remains of the $37,500 transferred to [Mancino] in 1999." *In re Estate of Geneva*, 2016-Ohio-5382, at ¶ 5.

{¶ 16} In light of the above, Mancino has failed to establish the trial court's lack of jurisdiction, let alone a patent and unambiguous lack of jurisdiction, to rule on the contempt motion. We therefore affirm the judgment of the court of appeals dismissing Mancino's petition for a writ of prohibition.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Paul Mancino Jr., pro se.

Ryan Styer, Tuscarawas County Prosecuting Attorney, and Robert R. Stephenson III, Assistant Prosecuting Attorney, for appellees.

_____