OLMSTED TOWNSHIP, APPELLEE, *v.* RIOLO, APPELLANT.

(No. 54004 — Decided June 20, 1988.)

*Thomas M. Kennedy* and *Michael E. Murman,* for appellee.

*Kalam Muttalib,* for appellant.

MARKUS, J. The trial court ordered the defendant landowner to pay the plaintiff township $26,500 for his protracted violation of an injunction against maintaining a junk yard. He appeals, arguing that the court (a) lacked authority to impose so large a fine or judgment for contempt, and (b) unfairly rejected his contention that compliance with its proper decree was impossible. These contentions lack merit, so we affirm the trial court's order.

I

The plaintiff township brought this action to enjoin the defendant landowner from maintaining a junk yard on his land. After a bench trial, the court granted most of the relief which the township had sought. In part, the court ordered the landowner to remove all accumulated junk, rubbish, and trash from his property by January 22, 1986.

The landowner filed a timely motion for a judgment notwithstanding the verdict or for a new trial, which the court denied on February 20, 1986. The landowner then appealed the underlying judgment. While his appeal was pending, the township filed a motion to hold him in contempt for failing to clean up his property. The trial court deferred consideration of that motion until this court relinquished its jurisdiction over the judgment on appeal. This court dismissed the landowner's appeal on July 14, 1986, after he repeatedly failed to file a record.

On August 25, 1986, the trial court found the defendant landowner in contempt for failing to remove the accumulated junk from his property. It authorized the township to remove the junk after September 22, 1986 and to sell any part of it. It further decreed that the township could assess a lien against the property for its net costs and attorney fees.

In its August 25 order, the court allowed the landowner to purge himself of contempt before September 22, 1986 and to preclude the township from cleaning his property by (a) removing all vehicles on wheels before that date, and (b) providing the court by that date with a schedule for the complete cleanup of his property in every respect before January 22, 1987. The defendant landowner filed no appeal from that contempt judgment or its stated conditions and sanctions.

In purported compliance with the court's conditions for him to purge himself, the landowner submitted a plan on November 25, 1986. The plan assured the court that the landowner would "make every effort to have the entire property in compliance not later than January 22, 1987, time and weather permitting." It stated that he would clean up twenty-five percent of the property by "December 1, 1987 [*sic*]"; a second twenty-five percent by

"December 19, 1987 [*sic*]"; a third twenty-five percent by January 9, 1987; and the balance by January 22, 1987.

On January 29, 1987, the township filed another motion to hold the landowner in contempt. More than one year had passed since the court's original judgment, and more than five months had elapsed since the first contempt order. The township alleged that the landowner had still failed to make any meaningful effort to clean up the junk on his property. On April 8, 1987, the court conducted an evidentiary hearing on that motion. Four witnesses testified: the township's police chief, a township trustee, the landowner, and a scrap hauler.

The police chief and trustee identified photographs which showed junk they had seen on the landowner's property two days before the hearing, *e.g.*, an apparently inoperative dump truck, abandoned garbage trucks, a wrecked automobile, tires, and scrap metal. The police chief said that the quantity of junk on the property had not changed significantly in the three months preceding the hearing. The trustee observed no significant change there in almost a year.

The landowner testified that he had sold the junk on his property to a scrap hauler for $1,000 on November 15, 1986. He said the scrap hauler agreed to remove it according to the schedule which the landowner gave the court, but unfavorable weather delayed his progress. The scrap hauler generally confirmed the landowner's testimony. He estimated that he had removed seventy-five tons of material and had another seventy-five tons left to remove. He asserted that he could have removed everything in ninety days of good weather.

Following that hearing, the court again found the landowner in contempt. After announcing its ruling and requesting the parties to draft and approve a corresponding entry, the court journalized its order on May 21, 1987. That order, which is the subject of this appeal, included the following:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that said defendant, Sam Riolo, be fined and that judgment be granted in favor of plaintiff against defendant, Sam Riolo, in the amount of $500.00 for each working day from January 22nd, 1987 [the final date of compliance] to April 8th, 1987 [the date of the hearing on the contempt motion].

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment be and the same is hereby granted in favor of plaintiff against defendant, Sam Riolo, in the amount of Twenty-Six Thousand Five Hundred Dollars ($26,500.00) said judgment being computed at the rate of $500.00 per day for each working day from January 22nd, 1987 to April 8th, 1987.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the event defendant, Sam Riolo, shall fully comply with the prior orders of the court herein and shall have the said premises cleaned up and all of the junk and debris and material aforesaid removed on or before six (6) weeks from the date of this hearing, to-wit; the 20th day of May, 1987, and upon motion made by said defendant, the court will consider a remittitur."

## II

In his single assigned error, the landowner contests the contempt order on grounds that (a) former R.C. 2705.05 limits the total penalty for contempt to $500, and (b) adverse weather prevented his compliance with the prior order.

The trial court had inherent power to punish a contemptuous refusal to comply with its orders, by imposing appropriate sanctions, without regard to

R.C. 2705.05. *Zakany* v. *Zakany* (1984), 9 Ohio St. 3d 192, 194, 9 OBR 505, 507, 459 N.E. 2d 870, 873; *Cincinnati* v. *Cincinnati District Council 51* (1973), 35 Ohio St. 2d 197, 207-208, 64 O.O. 2d 129, 135, 299 N.E. 2d 686, 694. Moreover, former R.C. 2705.05 permitted a trial court to impose a daily penalty of the stated amount for continued violations. *Cincinnati* v. *Cincinnati District Council 51, supra,* at 207, 64 O.O. 2d at 135, 299 N.E. 2d at 694, fn.

In this case, the court ordered the landowner to pay the township for damages which his violation caused to the township. Cf. *Cincinnati* v. *Cincinnati District Council 51, supra,* at paragraph three of the syllabus. The court need not measure the amount of those damages precisely when it seeks to compensate the aggrieved party. *Id.* at 208, 64 O.O. 2d at 135-136, 299 N.E. 2d at 694-695.

Here, the township suffered from the landowner's continued maintenance of a public nuisance, the cost of periodic inspections, and the legal expense to curtail it. The court did not abuse its discretion by requiring the landowner to pay $500 per day for a short part of the extended violation. Moreover, the court allowed the landowner to reduce his debt by clearing the property within six weeks after the court announced its contempt order.

Similarly, the court could reasonably reject the landowner's contention that adverse weather precluded his compliance with its injunction. Impossibility of compliance is an affirmative defense for which the alleged contemnor has the burden of proof. *Smedley* v. *State* (1916), 95 Ohio St. 141, 143, 115 N.E. 1022, 1023.

The landowner took no meaningful steps to remove the accumulated junk for at least ten months after the injunction order. He waited three months after being held in contempt before he contracted to sell the junk to a scrap hauler. He never undertook to haul the junk away at his own expense. At least half the junk remained on his property when the court conducted its hearing, seven months after the previous contempt order. According to the scrap hauler, removal required only ninety days of good weather.

Thus, the trial court had adequate evidence to support its finding that weather did not prevent the landowner's compliance. We cannot reverse a trial court's finding that has support from competent, credible evidence. *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 79-80, 10 OBR 408, 410-411, 461 N.E. 2d 1273, 1276.

We overrule the landowner's assigned error and affirm the challenged order.

*Judgment affirmed.*

NAHRA, C.J., and J.V. CORRIGAN, J., concur.