OPINION
On March 24, 1998, Mary Jean Garnett (now known as and hereinafter referred to as "Ms. Foland") and Charles C. Garnett were divorced pursuant to an Agreed Judgment Entry-Decree of Divorce. Pursuant to such judgment, Ms. Foland was entitled to retain, with the exception of Mr. Garnett's clothing and certain other items, all household goods, furnishings and personal property located at or in various real property, including a condominium in Florida. The items Mr. Garnett was permitted to retain were listed in an attached exhibit.
On May 18, 1998, Ms. Foland filed a motion asking the trial court to hold Mr. Garnett in contempt for violating certain terms of the divorce decree. Ms. Foland asserted, in part, that Mr. Garnett had improperly removed property from the Florida condominium. On February 25, 1999, the trial court filed a judgment entry finding Mr. Garnett in contempt for violating the divorce decree, in part, by removing personal property from the Florida condominium. A hearing on the issue of damages stemming from such violation was scheduled for a later date.
On December 15, 1999, a hearing was held on the issue of damages. On January 3, 2000, a judgment entry was journalized. Mr. Garnett was ordered to pay Ms. Foland $8,000 representing financial damages suffered as a result of his improper removal of certain household goods and furnishings from the Florida condominium.
Mr. Garnett (hereinafter "appellant") has appealed to this court, assigning the following error for our consideration:
 The trial court's decision awarding Plaintiff-Appellee Mary J. Garnett $8,000 for financial damages allegedly suffered as a result of Defendant-Appellant Charles C. Garnett's removal of certain household goods and furnishings is against the manifest weight of the evidence.
We note first that appellant does not contest the February 25, 1999 contempt finding of the trial court. Rather, appellant takes issue with the amount awarded Ms. Foland (hereinafter "appellee") for certain items. In its January 3, 2000 judgment entry, the trial court awarded appellee a total of $8,000 for the following items: (1) television set-$1,000; (2) curio cabinet-$2,500; (3) draperies-$800; (4) gas grill-$200; (5) king-size bed, mattress and box springs-$ 3,000; and (5) towels, sheets and linens-$500. Appellant contests only the amounts awarded for the curio cabinet, draperies and king-size bed, mattress and box springs.
Appellant asserts there was no proper foundation for appellee's testimony that the replacement value of the curio cabinet was $2,500. As to the draperies, appellant contends the trial court's award was improper because appellee produced receipts for draperies totaling $195.98, yet the trial court awarded $800. Finally, appellant contends the trial court's award of $3,000 for a king-size bed, mattress and box springs was improper as appellee estimated the purchase price for such was $2,500, yet she produced a receipt reflecting only a $499 purchase price.
It is well-settled that judicial sanctions in civil contempt proceedings may be employed to compensate the complainant for losses sustained. Brown v. Executive 200, Inc. (1980),64 Ohio St.2d 250, 254, citing Cincinnati v. Cincinnati DistrictCouncil 51 (1973), 35 Ohio St.2d 197, 207. In ordering damages caused by violation of a court order, the court need not measure the amount of such damages precisely when seeking to compensate the aggrieved party. Olmsted Twp. v. Riolo (1988), 49 Ohio App.3d 114,117. As to factual determinations, a reviewing court is guided by a presumption that the findings of the trier of fact were correct, and judgments supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,79-80, citing C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279, syllabus.
At the hearing, appellee produced a list of items allegedly missing from the Florida condominium. See plaintiff's exhibit A. Appellee listed next to each item its retail value at the time it was purchased and its replacement cost. (Tr. 12-14.) As to purchase price, appellee did not have receipts for all of the items. Appellee testified that she remembered how much some of the items had cost. Id. at 16. As to replacement value, appellee stated that she had gone to stores to look at the prices of various items. Id. at 16, 119.
As to the items at issue in this appeal, Plaintiff's exhibit A indicated a purchase price and replacement cost for the curio cabinet of $1,200 and $2,500, respectively, a total purchase price and replacement cost for family room and master bedroom draperies of $920 and $1,600, respectively, and a total purchase price and replacement cost for a king-size mattress, box springs, headboard and frame of $2,500 and $3,900, respectively.
Appellant takes issue with the fact that appellee's list reflected a purchase price and replacement cost for draperies that exceeded amounts contained in a receipt for draperies. Included in plaintiff's exhibit A was a receipt for draperies totaling $195.98. However, appellee testified that not all of the draperies she had purchased were on that receipt. Id. at 79-80. Appellant also takes issue with appellee's stated purchase price and replacement cost for the king-size bed. Plaintiff's exhibit A indicates a purchase price of $500 for a mattress and box spring and a replacement cost of $1,200 for the same (listed separately are amounts for the purchase price and replacement cost of a headboard and frame). These figures are supported by a receipt which indicated an asking price of $1,200 and an actual amount charged for such item(s) of $499.
The above evidence constitutes competent, credible evidence sufficient to support the trial court's award of $8,000. Appellee was the owner of such items, and her testimony regarding the replacement value of such items was properly considered by the trial court. Appellant put on no evidence to dispute appellee's testimony as to value but testified on other issues. We note that the trial court awarded appellee the full replacement value only as to the curio cabinet. The remaining award for draperies and a king-size bed was less than the replacement costs set forth by appellee for such items. Further, plaintiff's exhibit A contained three pages of items allegedly missing from the Florida condominium. According to plaintiff's exhibit A, the total of all such items was $35,700 for purchase price and $49,460 for replacement cost. The trial court awarded appellee a total of $8,000 for only six of such items.
As reflected in the transcript, the trial court clearly considered issues of credibility in reaching its decision. (Tr. 197-200). This appellate court gives deference to the trier of fact on matters of credibility. See Seasons Coal Co., supra, at 80. Given this, and the evidence as discussed above, the judgment of the trial court was not against the manifest weight of the evidence. In fact, the trial court did a good job of assessing value given the limited testimony presented on the topic of value. As noted above, Mr. Garnett now wishes to attack the trial court's assessment of value when he presented no testimony as to value in the hearing in the trial court.
 Accordingly, appellant's sole assignment of error is overruled.
Having overruled appellant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
 _____________________ TYACK, J.
DESHLER and BROWN, JJ., concur.