OPINION
In this accelerated calendar case, appellant, Michael Bertolone, timely appeals from the judgment of the Lake County Common Pleas Court. This judgment vacated the court's previous finding of contempt against appellee, Kimberly Bertolone, (now known as Kimberly Rosen).
The parties were married in 1985. The parties were divorced in 1998, by an order and judgment entry from the Lake County Court of Common Pleas. Pursuant to the order, appellee was to pay appellant $16,625, plus five-percent interest. This was determined to be the husband's equitable interest in the marital residence located at 1840 East 300th Street, Wickliffe, Ohio, "Wickliffe property."
In 1994, appellee entered into an installment land sale contract with her aunt, Joann Cianciolo, to purchase the Wickliffe property. The purchase price was $64,900, with seven-percent interest per year, compounded. An initial payment of $5,000 was due upon execution of the document. The remaining $59,900 was to be paid through payments of $432.97 per month, to be first applied to interest, then to principal. Then on or before July 1, 1999, appellee was to obtain financing for the balance of the purchase price still owed.
The July 1, 1999 deadline passed without appellee obtaining financing. As of the December 1, 2000 judgment entry, appellee continued to reside in the Wickliffe property and made rent payments to her aunt, who, at all relevant times, has retained title to the property.
Appellee has never paid appellant the $16,625. Because of this failure, appellee was found to be in contempt of the divorce order. By agreement of the parties, appellee was given ninety days to purge the contempt by paying the $16,625. When appellee had not done this, appellant moved the court to impose the thirty-day jail sentence for the contempt.
A hearing was held to determine if the jail sentence should be imposed. Appellee raised the affirmative defense of impossibility. She asserted that she had attempted to get financing from four or five brokers, but was denied by all of them. The trial court accepted appellee's affirmative defense and vacated the order of contempt against appellee.
Appellant raises a single assignment of error on appeal:
 "The trial court erred when if overruled defendant-appellant's motion to impose sentence and vacated the finding of contempt against plaintiff-appellee."
 It is undisputed that appellee was in contempt of the order requiring her to pay appellant $16,625. She never paid this money. Appellee raised the affirmative defense of impossibility, claiming that she was unable to obtain financing and, therefore, could not make the final lump sum payment on the Wickliffe property.
Impossibility of performance is a valid affirmative defense to a contempt charge. Bean v. Bean (1983), 14 Ohio App.3d 358, 363. The party raising the affirmative defense has the burden to prove that defense.Vilseck v. Vilseck (Dec. 31, 1996), Ashtabula App. No. 96-A-0003, unreported, 1996 Ohio App. LEXIS 5937, at *14, citing Olmsted Twp. v.Riolo (1988), 49 Ohio App.3d 114 and Courtney v. Courtney (1984),16 Ohio App.3d 329. There was sufficient evidence for the trial court to conclude that appellee could not obtain financing. Appellee testified that four or five brokers had denied her financing. This is not surprising, considering the substantial federal income tax indebtedness both parties incurred during the marriage. The trial court did not err by vacating the finding of contempt.
In addition to vacating the order of contempt, however, the trial court also found that neither party possessed any equity in the Wickliffe property. This is in direct contradiction to the court's divorce order issued in August 1998. It is also in direct conflict with the parties' agreement, which gave appellee ninety days to purge her contempt by paying the $16,625 plus interest. Both parties agreed that this money was due. This agreement was subsequently adopted by the magistrate in her decision and then by the trial court in its judgment entry.
The court did not have jurisdiction to change its prior determination. The $16,625 payment was a division of property pursuant to divorce. "A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court." R.C.3105.171(I). When the court changed its determination, and found that neither party had any equity in the Wickliffe property, the court made a modification to the distribution of property order in violation of R.C3105.171(I).
This issue was also raised in Vilseck, where the trial court originally ordered appellee to pay $4,767 (half of the value of the joint savings account) to appellant. Appellee did not make this payment, and, at the contempt hearing, the court modified the amount to $4,045.79, to reflect payment of child support. We held that the court did not have jurisdiction to modify the property award. Vilseck at *8-9. We hold the same in this case. The trial court clearly modified the distribution of property and did not have jurisdiction to do so.
The trial court was within its authority to vacate the order of contempt, as it found merit to the affirmative defense of impossibility of performance raised by appellee. However, the trial court was without jurisdiction to modify its previous judgment entry of property distribution.
Appellant's assignment of error has merit. The trial court's ruling with respect to the parties' equity interest in the Wickliffe property is reversed. The prior ruling on this issue, contained in the judgment entry of August 10, 1998, is reinstated. The trial court's order vacating its prior finding of contempt is upheld.
The judgment of the trial court is affirmed in part and reversed in part, consistent with this opinion.
PRESIDING JUDGE WILLIAM M. O'NEILL, FORD, J., GRENDELL, J., concur.