JOURNAL ENTRY AND OPINION
{¶ 1} This case arose from defendant-appellant, Annette Shaffer's alleged failure to comply with a Notice of Violations issued by plaintiff-appellee, the City of Warrensville Heights ("the City") concerning violations of the Building, Housing and Maintenance Codes. Defendant appeals from the judgment and sentence imposed upon her by the Bedford Municipal Court requiring her to serve 180 days in prison and to pay a $1,000 cash fine. Defendant urges reversal on the grounds that the lower court erred by not affording her the right of allocution prior to sentencing and failed to consider statutory sentencing factors. Defendant also contends that the lower court erred in finding her guilty of violating Warrensville Heights Codified Ordinances ("W.C.O.") Sections 1393.05 and 1393.08. For the reasons that follow, we affirm in part and reverse and remand in part.
{¶ 2} Defendant owns commercial real estate in Warrensville Heights, Ohio. Her property abuts residential property. In June 2000, the City inspected the subject property and cited defendant for violations of the Building, Housing and Maintenance Codes. The City demanded defendant make repairs to the property, including fixing the retaining wall that was cracked and leaning and removing litter and debris that was accumulating on either side of the deteriorating wall.
{¶ 3} When defendant failed to make the required repairs to the property, the City filed this action in the Bedford Municipal Court alleging that defendant had violated W.C.O. Sections 1393.05 and 1393.08. Defendant moved for dismissal alleging that neither of the referenced ordinance sections pertained to retaining walls. The trial court denied that motion and the case proceeded to trial on July 5, 2001.
{¶ 4} The record establishes that the retaining wall is cracked and decaying and that the businesses which operate on defendant's property generate litter and debris. (Tr. 11-16, 44, 52). While the record suggests that defendant made some efforts to remove trash on the property, the evidence further reveals that defendant had done nothing as of the date of trial to fix and/or remove the retaining wall. (Tr. 60).
{¶ 5} Defendant claims that she could not repair the wall because the abutting landowner had, on a previous occasion, refused her access to the wall from his property. (Tr. 50, 59). Beyond this fact, defendant offered no evidence whatsoever why the repairs and/or the removal of the wall could not be accomplished from her side of the property.
{¶ 6} At the conclusion of the testimony of the defense witnesses, the parties adjourned for a brief recess into the court's chambers. After this off-the-record discussion, the court found defendant guilty. The court deferred sentencing with an instruction to defense counsel to address "some issues" with his client prior to sentencing that were discussed during the off-the-record meeting. We are not favored with a transcript of those discussions for purposes of review.
{¶ 7} On July 17, 2001, defendant obtained and sent the City a proposal of estimates for repairing and removing the retaining wall. The City objected that mere proposals were insufficient and defendant was required to make the repairs as "ordered" by the court. The defense stated that the proposal estimates fulfilled her obligation as directed by the court. The court then issued a journal entry of judgment finding that defense counsel's statement was incorrect because if it were carried to its logical conclusion, defendant would never be required to make the repairs. (R. 40).
{¶ 8} The sentencing hearing took place on October 11, 2001. The record of that hearing simply portrays the parties' disagreement over what transpired during the off-the-record discussions following the trial and prior to the court's finding of guilt. The court elaborated upon the substance of the previous off-the-record discussions as follows:
 {¶ 9} [W]e had discussion off the record about the sentence and about how we could fix the situation. And my clear understanding was, and I think it is on the record, that the situation would be fixed, the trash would get picked up and you would stop trash from blowing around, you would do something to fix this.
{¶ 10} (Tr. II at 8-9).
{¶ 11} The court found that nothing had been done and sentenced defendant to serve a 180 day jail term and imposed a fine of $1,000 cash.
{¶ 12} The defendant now appeals assigning six assignments of error for our review.
 I. {¶ 13} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FINDING APPELLANT GUILTY FOR VIOLATIONS OF SECTIONS 1393.05 AND 1993.08 OF THE CODIFIED ORDINANCES OF THE CITY OF WARRENSVILLE HEIGHTS EVEN THOUGH AN IMPOSSIBILITY OF REPAIR OR RAZING EXISTED.
{¶ 14} Defendant asserts impossibility of performance as a defense to her failure to comply with the orders to fix and/or remove the retaining wall. Impossibility of compliance is an affirmative defense for which defendant bears the burden of proof. Olmsted Twp. v. Riolo (1998),49 Ohio App.3d 114. In this case, defendant contends that it was impossible for her to fix or remove the wall because her neighbor had, on one prior occasion, refused her access to the wall from his property. This fact, however, does not establish that it was impossible for her to remedy the problems with the wall from her side of the property nor does it establish that the neighbor would have refused her access to the wall on this occasion. Accordingly, this assignment of error is overruled.
 II. {¶ 15} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT SENTENCED APPELLANT AFTER APPELLANT COMPLETED ALL THAT WAS REQUIRED OF HER BY THE TRIAL COURT JUDGE PRIOR TO SENTENCING.
{¶ 16} Defendant contends that the trial court abused its discretion by imposing sentence when she obtained proposals for fixing or removing the retaining wall after being found guilty but before being sentenced. This assignment of error lacks merit. Because we are unable to review discussions that were held off the record, our review is constrained to what is in the record. There is competent, credible evidence in the record to support the lower court's finding that defendant's failure to make the required repairs violated W.C.O. Sections 1393.05 and 1393.08. It is undisputed that such violation constitutes a misdemeanor of the first degree punishable by imprisonment, a fine or both. Once the defendant was found guilty, she was subject to the penalties for her misconduct regardless of whether the court instructed defendant to do and/or whether defendant, in fact, did anything prior to sentencing.
{¶ 17} It appears that defendant seeks to assert some form of estoppel against the lower court that would preclude it from imposing sentence despite having found defendant guilty of a misdemeanor offense. Defendant presents us with affidavits to support her argument that the lower court merely instructed defendant to obtain proposals to avoid imposition of sentence. We cannot consider this evidence that is being presented for the first time on appeal and which is not contained in the record. There is no court order to support defendant's version of the off-the-record discussions. In contrast, we note that the lower court did issue a journal entry finding defendant's recollection of the discussion to be incorrect. Accordingly, this assignment of error is overruled.
 III. {¶ 18} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN THE TRIAL COURT JUDGE SENTENCED APPELLANT WITHOUT GIVING HER A CHANCE TO MAKE A STATEMENT OR PRESENT INFORMATION FOR MITIGATION.
{¶ 19} Crim.R. 32(A)(1) provides in pertinent part:
 {¶ 20} At the time of imposing sentence, the court shall do all of the following:
 {¶ 21} (1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.
{¶ 22} With reference to Crim.R. 32(A)(1), the Ohio Supreme Court has held that:
 {¶ 23} [B]efore imposing sentence, a trial court must address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.
{¶ 24} State v. Campbell (2000), 90 Ohio St.3d 320.
{¶ 25} In this case, the lower court did not personally address defendant before imposing the sentence. Because the lower court failed to afford defendant her right of allocution as required by Crim.R. 32(A)(1), this assignment of error is sustained.
 IV. {¶ 26} THE TRIAL COURT JUDGE ABUSED HIS DISCRETION WHEN THE SENTENCE IMPOSED ON APPELLANT WAS EXCESSIVE.
{¶ 27} Defendant maintains that the lower court failed to consider the statutory sentencing factors of R.C. 2929.22 and 2929.12. The City counters that the record indicates that defendant committed the worst form of the offense and that Ohio's sentencing scheme does not apply to misdemeanors.
{¶ 28} R.C. 2929.22 provides as follows:
 {¶ 29} (A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim under sections 2930.12 to 2930.17 of the Revised Code, if the offense is a misdemeanor specified in division (A) of section 2930.01 of the Revised Code; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender.
 {¶ 30} (B)(1) The following do not control the court's discretion but shall be considered in favor of imposing imprisonment for a misdemeanor:
 {¶ 31} (a) The offender is a repeat or dangerous offender;
 {¶ 32} (b) Regardless of whether or not the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of the commission of the offense.
 {¶ 33} (c) The offense is a violation of section 2919.25 or a violation of section 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
 {¶ 34} (2) If the offense is a violation of section 2919.25 or a violation of section 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation and the court decides to impose a term of imprisonment upon the offender, the factor listed in division (B)(1)(c) of this section shall be considered in favor of imposing a longer term of imprisonment on the offender.
 {¶ 35} (C) The criteria listed in divisions (C) and (E) of section 2929.12 of the Revised Code that mitigate the seriousness of the offense and that indicate that the offender is unlikely to commit future crimes do not control the court's discretion but shall be considered against imposing imprisonment for a misdemeanor.
 {¶ 36} (D) The criteria listed in division (B) and referred to in division (C) of this section shall not be construed to limit the matters that may be considered in determining whether to impose imprisonment for a misdemeanor.
 {¶ 37} (E) The court shall not impose a fine in addition to imprisonment for a misdemeanor unless a fine is specially adapted to deterrence of the offense or the correction of the offender, the offense has proximately resulted in physical harm to the person or property of another, or the offense was committed for hire or for purpose of gain.
 {¶ 38} (F) The court shall not impose a fine or fines that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or the offender's dependents, or will prevent the offender from making restitution or reparation to the victim of the offender's offense.
 {¶ 39} (G) At the time of sentencing or as soon as possible after sentencing, the court shall notify the victim of the offense of the victim's right to file an application for an award of reparations pursuant to sections 2743.51 to 2743.72 of the Revised Code.
 {¶ 40} (H) As used in this section, "repeat offender" and "dangerous offender" have the same meanings as in section 2935.36 of the Revised Code.
{¶ 41} By its express terms, this statute applies to misdemeanor offenses. R.C. 2929.22(C) requires the court to further consider the mitigating factors listed in R.C. 2929.12(C) and (E) as weighing against imposing imprisonment for a misdemeanor. R.C. 2929.12(C) provides:
 {¶ 42} (C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 43} (1) The victim induced or facilitated the offense.
 {¶ 44} (2) In committing the offense, the offender acted under strong provocation.
 {¶ 45} (3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 46} (4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.
{¶ 47} R.C. 2929.12(E) provides:
 {¶ 48} (E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
 {¶ 49} (1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 {¶ 50} (2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 {¶ 51} (3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 {¶ 52} (4) The offense was committed under circumstances not likely to recur.
 {¶ 53} (5) The offender shows genuine remorse for the offense.
{¶ 54} This case involves a misdemeanor offense stemming from the violation of the City Building, Housing and Maintenance Codes. Ibid. The lower court imposed both the maximum term of imprisonment and the maximum $1,000 cash fine. Yet, the record does not indicate that the court considered any of the requisite statutory factors before imposing the maximum penalty for this misdemeanor offense. The record is devoid of any information relative to the factors that must be considered as weighing against imposition of a prison term for a misdemeanor offense as set forth in R.C. 2929.12(E). Under these circumstances, we cannot determine that the lower court considered the statutory factors before imposing a prison term, let alone the maximum term allowable under the law.
{¶ 55} Further, the court imposed a fine in addition to a term of imprisonment. R.C. 2929.22(F) provides that a fine shall not be imposed in addition to a imprisonment with a few delineated exceptions. In this case, the fine was imposed without any discussion of defendant's ability to pay or whether it would cause undue hardship as set forth in R.C.2929.22(F).
{¶ 56} While the imposition of sentence in this case remains in the discretion of the lower court, the failure of the court to weigh the statutory factors amounts to an abuse of discretion. Maple Heights v.Dickard (1986), 31 Ohio App.3d 68. Accordingly, this assignment of error is sustained and the matter is remanded for resentencing in accordance with R.C. 2929.22 and 2929.12(C) and (E).
 V. {¶ 57} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FINDING APPELLANT GUILTY FOR A VIOLATION OF S1393.08 OF THE ORDINANCES FOR THE PRESENCE OF TRASH ON HER PROPERTY.
{¶ 58} Defendant offers no case law or legal authority in support of this argument. App.R. 16(A)(7) requires defendant to support each assignment of error with reasons in support of her argument, including citations to legal authority. App.R. 12(A)(2) provides that failure to comply with App.R. 16(A) permits this Court to disregard this assignment of error. Notwithstanding, the lower court's finding of guilt was based only in part on the litter and debris accumulating on the property. As discussed previously, the court's guilty finding was independently supported by defendant's failure to maintain the retaining wall in good repair. Accordingly, this error, even if properly argued, would not warrant reversal. This assignment of error is overruled.
 VI. {¶ 59} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DENIED APPELLANT'S MOTION TO DISMISS FOR GOOD CAUSE NOT SHOWN AND THEN FOUND APPELLANT GUILTY IN THE SUBSEQUENT TRIAL.
{¶ 60} Defendant asserts that her motion to dismiss should have been granted because she alleges that neither W.C.O. Sections 1393.05 nor 1393.08 specifically mention "retaining walls." After careful review of these provisions, we are unpersuaded by defendant's argument.
{¶ 61} W.C.O. Section 1393.05 pertains to the maintenance of exteriors and provides:
 {¶ 62} [A]ny structure or secondary structure whose exterior surface is bare, deteriorated, ramshackle, tumble-down, decaying, disintegrating or in poor repair must be repaired or razed.
{¶ 63} The retaining wall in this case qualifies as a "structure" within the common, ordinary, everyday meaning of that term. The lower court did not err in overruling defendant's motion to dismiss on this basis. This assignment of error is overruled.
Judgment affirmed in part and reversed and remanded in part for resentencing consistent with this opinion.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Bedford Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.