DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Gallia County Common Pleas Court judgment in favor of Barry S. Bryant, plaintiff below and appellee herein. The court found Janice M. Bryant, defendant below and appellant herein, in contempt for failing to comply with various provisions of the parties' divorce decree.
 {¶ 2} Appellant raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
"The court erred in finding the defendant/appellant liable for a loan at Ohio valley bank applied for and received by plaintiff/appellee in the amount of $75,000, with a balance of $54,000 owing and due. This loan was acquired after divorce was filed on may 10, 2002 by plaintiff/appellee."
SECOND ASSIGNMENT OF ERROR:
"The court erred in finding the defendant/appellant liable for reimbursing spousal support in the amount of $2800."
THIRD ASSIGNMENT OF ERROR:
"The court erred in finding the defendant/appellant liable for missed wages for plaintiff/appellee in the amount of $732."
 {¶ 3} On November 26, 2003, the parties divorced. Under the terms of the divorce decree, the parties agreed that appellant would pay appellee $160,000 as a property settlement and that appellant, to help satisfy that amount, would turn over a $32,000 insurance check. The parties agreed that no spousal support would be awarded. They further agreed that appellant would assume a loan from The Ohio Valley Bank Company in appellee's name in the amount of $69,938.09.
 {¶ 4} On March 1, 2004, appellee filed a motion to show cause why appellant should not be held in contempt for failing to comply with the divorce decree. He alleged that appellant failed to pay the $160,000 property settlement, failed to assume the Ohio Valley Bank loan, and that she wrongfully accepted and retained $1,000 in temporary spousal support for the months of December 2003, January 2004, and February 2004.
 {¶ 5} After the court held a hearing, it found appellant in contempt for failing to comply with terms of the parties' divorce decree. The court: (1) awarded appellee a judgment against appellant in the amount of $160,000; (2) ordered appellant to endorse a $32,210.75 check and turn the proceeds over to appellee to help satisfy the $160,000 judgment; (3) ordered appellant to pay appellee $5,400 for payments appellee made on the Ohio Valley Bank loan; (4) ordered appellant to reimburse appellee $2,800 for overpaid spousal support; and (5) ordered appellant to pay appellee $650 for attorney fees and $728.04 for two days of wages appellee lost by filing the contempt motion. Appellant timely appealed the court's judgment.
 I {¶ 6} In her first assignment of error, appellant asserts that the trial court erred by finding her liable for the Ohio Valley Bank loan. We disagree.
 {¶ 7} "Whenever a matter is finally determined by a competent tribunal, it is considered at rest forever. And this principle embraces not only what was actually determined, but every other matter which the parties might have litigated in the case." Bean v. Bean (1983),14 Ohio App.3d 358, 361, 471 N.E.2d 785, citing Petersine v. Thomas
(1876), 28 Ohio St. 596, 601. Further, "[a] court has control of the division of the property of the parties at the time of the divorce decree and not thereafter." Bean, 14 Ohio App.3d at 361, citing Stemple v.Stemple (1967), 12 Ohio Misc. 147, 230 N.E.2d 677; see, also, Campbellv. Campbell, Allen App. No. 1-04-11, 2004-Ohio-4294.
 {¶ 8} In the case at bar, the trial court, per the parties' agreement, ordered appellant to assume the Ohio Valley Bank loan in the original divorce decree entered in November of 2003. Appellant did not appeal the November 2003 divorce decree. Thus, the issue is final. When the court issued its decision regarding appellee's contempt motion, the court did not re-adjudicate the issue. Instead, the court entered a judgment on this issue to enforce the prior order with which appellant failed to comply. Appellant cannot now collaterally attack the court's decision. See, e.g., Quinn v. State ex rel. Leroy (1928), 118 Ohio St. 48,160 N.E. 453, paragraph one of the syllabus ("Material facts or questions which were in issue in a former suit and were there judicially determined by a court of competent jurisdiction are conclusively settled by the judgment therein so far as concerns the parties to that action and persons in privity with them and cannot be again litigated in any future action between the same parties or privies, and this rule also applies not only to what was determined but also as to every other question which might properly have been litigated in the case. * * *"); see, also, NewWinchester Gardens, Ltd. v. Franklin County Bd. of Revision (1997),80 Ohio St.3d 36, 41, 684 N.E.2d 312.
 {¶ 9} Had appellant objected to the court's order that she assume the loan, she should have directly appealed the trial court's judgment granting the parties a divorce.
 {¶ 10} Accordingly, based upon the foregoing reasons we overrule appellant's first assignment of error.
 II {¶ 11} In her second assignment of error, appellant asserts that the trial court erred by ordering her to reimburse appellee $2,800 that she received as spousal support after the court entered the divorce decree which provided that no spousal support would be awarded. We disagree.
 {¶ 12} In domestic relations matters, a trial court possesses broad discretion to do what is equitable under the facts and circumstances of each case. See Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355,421 N.E.2d 1293; see, also, Blakemore v. Blakemore (1983),5 Ohio St.3d 217. Thus, an appellate court will not disturb the trial court's decision absent an abuse of discretion. An abuse of discretion means that the trial court acted unreasonably, arbitrarily, or unconscionably. Id.
 {¶ 13} In the case sub judice, the parties agreed that neither party would receive spousal support. However, the proper paperwork apparently was not completed and appellant continued to receive temporary spousal support. Allowing her to retain the spousal support would contravene the express agreed-upon terms of the parties' divorce decree. Thus, the trial court acted wellwithin its discretion by ordering appellant to reimburse appellee for the spousal support that she received after the divorce decree. Cf. Schwartz v. Schwartz (Apr. 20, 2001), 11th Dist. No. 2000-L-068 (affirming trial court's judgment that one party reimburse the other party for spousal support paid under a temporary spousal support order when the trial court determined after a final hearing that the temporary order was excessive).
 {¶ 14} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.
 III {¶ 15} In her third assignment of error, appellant contends that the trial court erred by ordering her to pay appellee for the two days wages he otherwise would have earned but for filing his contempt motion to enforce the divorce decree. Apparently, appellant failed to appear at the property transfer closing and at the scheduled contempt hearing thus, resulting in appellee's lost wages.
 {¶ 16} An appellate court reviews a trial court's decision in contempt proceedings under an abuse of discretion standard. State ex rel. Ventronev. Birkel (1981), 65 Ohio St.2d 10, 11, 417 N.E.2d 1249. An abuse of discretion means more than an error of law or judgment. Instead, it means that the court's attitude was unreasonable, unconscionable, or arbitrary. State v. Lessin (1993), 67 Ohio St.3d 487, 494, 620 N.E.2d 72;Rock v. Cabral (1993), 67 Ohio St.3d 108, 112, 616 N.E.2d 218. When applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re JaneDoe 1 (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181, citing Berkv. Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.
 {¶ 17} "Contempt of court" is defined as the disobedience or disregard of a court order or a command of judicial authority. Daniels v. Adkins
(June 3, 1994), Ross App. No. 93CA1988; Johnson v. Morris (Dec. 19, 1993), Ross App. No. 93CA1969. It involves conduct that engenders disrespect for the administration of justice or that tends to embarrass, impede or disturb a court in the performance of its function. Denovchekv. Trumbull Cty. Bd. of Commrs. (1988), 36 Ohio St.3d 14, 15,520 N.E.2d 1362; Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55,271 N.E.2d 815, at paragraph one of the syllabus. Proceedings in contempt are intended to uphold and ensure the effective administration of justice, secure the dignity of the court, and affirm the supremacy of law. Cramer v. Petrie (1994), 70 Ohio St.3d 131, 133, 637 N.E.2d 882. The power of the common pleas courts to punish contemptuous conduct derives from its inherent authority, Burt v. Dodge (1992), 65 Ohio St.3d 34, 35,599 N.E.2d 693; Zakany v. Zakany (1984), 9 Ohio St.3d 192, 459 N.E.2d 870, syllabus, as well as statute. See R.C. 2705.01 and 2705.02.
 {¶ 18} In the case at bar, we do not believe that the trial court's order that appellant pay appellee for the wages he lost by filing the contempt motion is so unreasonable, arbitrary, or unconscionable that we must reverse its decision. See, generally, Olmstead Twp. v. Riolo
(1988), 49 Ohio App.3d 114, 117, 550 N.E.2d 507.
 {¶ 19} Accordingly, based upon the foregoing reasons we overrule appellant's third assignment of error and affirm the court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.