JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, the city of Parma, challenges the Parma Municipal Court's journal entry, which ordered the city to return two dogs to the appellee, Donna M. Takacs, after the city's animal warden had removed them from the Takacs' home. After reviewing the record and the applicable law, we vacate the trial court's order that required the city of Parma to return the dogs.
 {¶ 2} On April 14, 2004, Donna and Anthony Takacs, husband and wife, were involved in a heated argument, which resulted in Anthony calling the police to their residence. The police officers could not enter the home because of the presence of nine barking dogs. The police called the animal warden, who was given permission by Anthony Takacs to enter the home.
 {¶ 3} Upon entering the home, the animal warden observed various animals living in deplorable conditions. The animal warden cited Donna Takacs with three counts of cruelty to animals, in violation of Parma Codified Ordinance ("PCO") 618.05; one count of failing to register her dogs with the state, in violation of PCO 618.08; and one count of nuisance, in violation of PCO 618.15. The record indicates that Donna Takacs voluntarily relinquished to the animal warden three guinea pigs, six cats, four parakeets, fourteen doves, and five dogs. However, the release, hand written by Donna Takacs, relinquishing her right to the animals and instructing the city "to find homes or do what is best for the animals" was never made part of the trial court record. Four dogs, one rabbit, four quaker birds, two macaws, two finches, two turtles, and twenty-five fish remained in the Takacs home.
 {¶ 4} On May 5, 2004, Donna Takacs entered a plea of not guilty to all charges in the Parma Municipal Court. On May 18, 2004, as part of a plea agreement, she pleaded no contest to one count of failure to register dogs with the state; the remaining counts were dismissed. The court found her guilty and sentenced her to a fine of $20 plus court costs. The court also ordered the city to return to Takacs' disabled son two of the dogs that had been taken by the animal warden on April 14th — "Air Bud" and "Little Bud."
 {¶ 5} On June 14, 2004, the trial court conducted a show cause hearing to determine why the city had failed to return the two dogs. The court was informed at the hearing that Takacs had voluntarily relinquished the dogs and that they subsequently had been adopted from the Parma animal shelter by two different families. The court ordered another hearing for June 21st and instructed the city to provide a reason as to why the "five (5) canines were not returned to the Defendant following the Dismissal of the case."
 {¶ 6} The city was instructed by the court to provide (1) evidence regarding under what authority the animal warden confiscated the dogs; (2) evidence of the validity or voluntariness of a release executed by Takacs to take the dogs; (3) evidence of the present locations and owners of all five dogs; and (4) any evidence regarding the cost of necessary care, medical attention or upkeep of the dogs while they were impounded.
 {¶ 7} Before the second show cause hearing could be conducted, the city appealed the trial court's order to return the two dogs. The city also appealed the trial court's order instructing them to provide information about the dogs with regard to the second show cause hearing. This court sua sponte consolidated those appeals. The trial court then stayed proceedings below pending the appeal, making this a final appealable order.
 {¶ 8} The city presents two assignments of error for review. The first assignment of error states, "The criminal sentence set forth by the trial court imposes an illegal sanction and unnecessary burden against the appellant City of Parma."
 {¶ 9} The city essentially argues that the trial court erred by exceeding its authority and "sentencing" the city to return two of the dogs that had been taken from Takacs' home on April 14th. The city claims the court was without jurisdiction to order the dogs returned because Takacs was the criminal offender, not the city.
 {¶ 10} We disagree with the city's contention that it was illegally "sentenced" to return the dogs to Takacs. The court has jurisdiction to order the city to return the dogs when they were impounded by the city's animal warden and remain in the city's custody. This order does not constitute a "sentence" or a sanction against the city.
 {¶ 11} Dogs registered with the state of Ohio are considered personal property and have all the rights and privileges and are subject to like restraints as other livestock. R.C. 955.03. However, a city's animal warden has the legal right to impound any unregistered dogs. PCO 618.25(a)(1); R.C. 995.12.
 {¶ 12} The Revised Code and the PCO provide an owner fourteen days in which to redeem an impounded dog, if the animal warden has reason to know of the owner's identity. PCO 618.25; R.C. 995.12. The owner is required to pay all fees associated with the impounding of the animal before the animal may be redeemed. PCO 618.25(h). These fees may include the necessary cost of veterinary care, medications, food, water, and board, which were incurred by the city during the pendency of any charges. R.C.959.132(e). The owner must also show the animal warden a valid registration tag upon the redemption of a dog. R.C. 955.18. Any animal not claimed within fourteen days may be given to a shelter and subsequently adopted by a third party. PCO 628.25(f).
 {¶ 13} However, if the owner is charged by the animal warden with cruelty to a "companion animal," any animal that is kept inside a residential dwelling or a dog or a cat regardless of where they are kept, the owner may file a written request for a hearing with the clerk of the court in which charges are pending. If a hearing is requested, the court shall conduct a hearing not later than twenty-one days following receipt of the request. At the hearing, the impounding agency has the burden of proving by a preponderance of the evidence that probable cause exists to find that the defendant is guilty of cruelty, unless probable cause has previously been established in a judicial proceeding, in which case the court shall take notice that probable cause exists and shall not require further proof of probable cause. R.C. 959.132.
 {¶ 14} If the court finds at the conclusion of the hearing that probable cause does not exist for finding that the defendant committed a violation and that the defendant otherwise has a right to possession of the impounded companion animals, the court shall order the animals to be returned to the defendant. R.C. 959.132.
 {¶ 15} In the instant matter, the record indicates that the animal warden charged Takacs with cruelty to animals and failure to register dogs with the state. Either charge would have allowed the animal warden to legally impound all of her dogs. The animal warden permitted Takacs to keep and register four of the nine dogs and impounded the remaining five. Uncontroverted testimony from the motion to show cause hearing indicates that Takacs signed a written release form giving the five dogs, among other animals, to the city to "find homes or do what is best for the animals." Takacs claims that she loves all animals and actively cares for abandoned, abused and neglected animals in the hope of finding them good homes.
 {¶ 16} The city further stated at the motion hearing that the two dogs, "Air Bud" and "Little Bud," had been adopted by third parties several months before and were no longer in their custody, making the return of the dogs to Takacs impossible. The impossibility of compliance with a court order is an affirmative defense for which an alleged contemnor has the burden of proof. See State v. Demshar (Nov. 5, 1999), Ashtabula App. No. 98-A-0072; Olmsted Twp. v. Riolo (1988),49 Ohio App.3d 114, 117, 550 N.E.2d 507.
 {¶ 17} Furthermore, besides signing a written release, Takacs did not comply with any of the procedures for redeeming the dogs when charged with cruelty to animals, nor did she attempt to register any of the five dogs that were impounded. Takacs admits that, because she is on disability, she does not possess the financial resources to pay for any veterinary care, medications, food, water, and board expenses incurred when the dogs were impounded. Even if the dogs were returned to her, Takacs would have to pay for these expenses, according to the statute.
 {¶ 18} Because there is uncontroverted testimony that Takacs signed a written release giving up her ownership rights of the five dogs, the trial court abused its discretion in ordering the city to return the impounded dogs to the Takacs home. If the city still had legal possession of the dogs, the outcome of this case might have been different. The order of the trial court requiring the return of the confiscated dogs to the Takacs home is hereby vacated.
 {¶ 19} The city's second assignment of error states: "The trial court erred in modifying its original sentencing order and executing a post sentencing order without all necessary parties being present." Given the disposition of the first assignment of error, the second is rendered moot.
 {¶ 20} The lower court's order in this cause is vacated.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and McMonagle, J., Concur.