[Cite as *W.W. v. A.P.*, 2021-Ohio-377.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

W.W.,                                              :

    Petitioner-Appellee,                    :

                                               No. 109290

    v.                                                :

A.P.,                                              :

    Respondent-Appellant.               :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** February 11, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-894971

***Appearances:***

David N. Patterson, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellant, A.P. filed an appeal of the trial court's order awarding expenses to appellee W.W. and D.W., protected persons under a civil stalking protection 0rder ("CSPO"), who brought an action against appellant for contempt of court. Because appellant did not timely appeal the CSPO or the finding of contempt and fine, her claimed errors as to those orders are not properly brought in this

appeal. As to the award of expenses to W.W. and D.W., the trial court did not abuse its discretion in awarding the expenses incurred in bringing the contempt action and we affirm the award. However, we remand this matter to the trial court to correct its journal entry to designate the individual awards of expenses to W.W. and D.W. respectfully.

{¶ 2} On September 25, 2018, the trial court granted a CSPO in favor of appellee W.W. The CSPO listed D.W., W.W.'s husband, and their family members as protected parties. Appellant did not appeal the CSPO. Subsequently, a hearing was held regarding whether appellant violated the CSPO. On September 9, 2019, the trial court found appellant in contempt of the CSPO and imposed a $500 fine. Appellant did not appeal the finding of contempt and fine. On November 27, 2019, the trial court held a hearing to determine if it would award W.W. and D.W. expenses incurred in bringing the contempt proceedings. At the hearing, the trial court indicated that on a prior date, it held appellant in contempt, issued a fine, and said at that time it would consider expenses for the prosecution of the contempt charge. D.W. testified that he missed a day of work and paid $13 to park the day of the contempt hearing. He presented a leave and earnings statement to the court indicating his rate of pay at a wage of $20.89 per hour. W.W. testified that she missed a day of work at a wage of $9.60 per hour, and that she and her husband paid $13 for parking that day.

{¶ 3} Appellant testified regarding the circumstances that resulted in the finding of contempt and the fine. The trial court indicated that the hearing was

about costs and expenses incurred with respect to attending court for the contempt hearing. Appellant testified in mitigation of the fine imposed, stating she was on a fixed income and couldn't afford to pay the fine. The trial court indicated that the fine was not at issue at the hearing.

{¶ 4} At the end of the hearing, the trial court awarded expenses in the form of lost wages to W.W. and D.W. in the amount of $256.92. The award included eight hours of lost wages to D.W. in the amount of $167.12, eight hours of lost wages to W.W. in the amount of $76.80, and $13 for parking. The trial court journalized the hearing and ordered the $256.92 in expenses to be paid to W.W. It further ordered that the previously awarded fine of $500 and the expenses were to be paid by December 27, 2019.

{¶ 5} On December 10, 2019, appellant filed an appeal of the November 27, 2019 journal entry. Appellant alleges the following assignments of error:

> 1. The trial court erred to the prejudice of the Appellant by finding her in contempt of the Civil Stalking Protection Order ("CSPO"), dated September 24, 2018, whether by clear and convincing evidence that the Appellant failed to comply with the CSPO thereby in civil contempt and/or beyond a reasonable doubt in criminal contempt, due to the nature of the allegation by the Appellee and the finding and penalties and fine imposed by the Court. (T.d. 32, 37).

> 2. The trial court erred to the prejudice of the Appellant by ordering her to pay a fine of $500.00 and/or by awarding a non-party's alleged expenses and costs. (T.d. 32, 37).

{¶ 6} As to appellant's first assignment of error, she argues that the trial court erred by finding her in contempt because the CSPO was void and unenforceable where the court did not timely hold a full hearing on the petition,

where the trial court failed to designate whether she was found in civil or criminal contempt, and claiming that the burden of proof as to either civil or criminal contempt was not met. In this case, the CSPO was issued on September 24, 2018. It was a final appealable order. R.C. 2903.214(G). Although appellant did not appeal the CSPO, she now claims on appeal that the CSPO was improperly granted and thus unenforceable because a full hearing was not held within ten days of the grant of the temporary order. First, the lack of a timely hearing was not raised to the trial court and was not the subject of the hearing being appealed. As such, appellant cannot raise that argument now. *Berry v. Patrick*, 8th Dist. Cuyahoga No. 85255, 2005-Ohio-3708, ¶ 17. Further, the time limit for holding a full hearing under R.C. 2903.214 is not mandatory and only requires a full hearing within a reasonable time. *Id.* at ¶ 18. Appellant's arguments as to the propriety of the CSPO are not well taken.

{¶ 7} Appellant further alleges that the trial court erred by finding her in contempt on September 9, 2019, because the trial court did not specify whether the contempt finding was civil or criminal, the CSPO was not clear, definite, or was ambiguous, and that the evidence at the contempt hearing did not meet the requisite burden of proof for finding her in contempt. However, a finding of contempt is a final appealable order when it imposes a sanction. *Signer v. Signer*, 8th Dist. Cuyahoga No. 85666, 2006-Ohio-3580, ¶ 9. Thus, the September 9, 2019 order finding appellant in contempt was a final appealable order. Appellant did not appeal the finding of contempt and sanction within 30 days. *See* App.R. 4. Accordingly,

the first assignment of error is overruled as the CSPO, the finding of contempt, and the imposition of the $500 fine were not timely appealed and are not properly before this court upon this appeal of the November 27, 2019 journal entry.

{¶ 8} In her second assignment of error, appellant argues the trial court erred by imposing a fine and awarding fees. As found in our resolution of appellant's first assignment of error, the fine is not subject to review because no timely appeal was taken. Appellant timely appeals the award of expenses. As to the expenses, she argues that the court had no power to award expenses to D.W. because he was not a "party" to the case. A trial court has the inherent power to enforce its orders. *Olmsted Twp. v. Riolo*, 49 Ohio App.3d 114, 116-117, 550 N.E.2d 507 (8th Dist.1988), citing *Zakany* v. *Zakany*, 9 Ohio St.3d 192, 194, 459 N.E.2d 870 (1984); *Cincinnati v. Cincinnati Dist. Council 51*, 35 Ohio St.2d 197, 207-208, 299 N.E.2d 686 (1973). The Ohio Supreme Court has consistently recognized that courts possess "certain powers * * * 'for the orderly and efficient exercise of justice are inherent in a court.'" *Zakany* at 194, quoting *State, ex rel. Dow Chem. Co. v. Court*, 2 Ohio St.3d 119, 443 N.E.2d 143 (1982); *Hale v. State*, 55 Ohio St. 210, 213, 45 N.E. 199 (1896).

{¶ 9} Judicial sanctions to compensate for a loss a person sustains is allowed in a contempt proceeding. *Garnett v. Garnett*, 10th Dist. Franklin No. 00AP-84, 2000 Ohio App. LEXIS 3681 (Aug. 15, 2000), citing *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 254, 416 N.E.2d 610 (1980), citing *Cincinnati* at 207; *see also Heinrichs v. 356 Registry, Inc.*, 10th Dist. Franklin Nos. 15AP-532 and 15AP-595,

2016-Ohio-4646, ¶ 75-77. In this case, D.W. is a protected person of the court's orders in the CSPO; he is named as a protected party and is thus the beneficiary of the court order of protection. He is entitled to the protection of the order. As such, appellant's arguments that a protected person of a CSPO cannot be awarded expenses in pursuing a finding of contempt are not well taken.

{¶ 10} Appellant further argues that the evidence presented at the hearing was insufficient to award damages. In this matter, the trial court received sworn testimony from appellee and D.W. regarding their lost wages and parking. Additionally, a pay statement was presented to document D.W.'s rate of pay. In reviewing expenses awarded in a contempt action, we will not reverse a trial court's award where that finding is supported by competent, credible evidence. *Riolo* at 117, citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 79-80, 461 N.E.2d 1273 (1984).

{¶ 11} The evidence received at the hearing was not the best evidence the court could have received. Appellee and D.W. could have presented pay stubs from the week of September 24, 2019, or other documentation from their respective employers. However, sworn testimony was presented as to the expenses and is sufficient for the trial court to rely on. Further, there is no indication the wages claimed are extraordinary or otherwise unreasonable. Given the testimony presented, we cannot say that the trial court abused its discretion in determining the amount of expenses it awarded to appellee and her husband.

{¶ 12} Appellant also argues under the second assignment of error that the fine was excessive and the trial court did not consider appellant's present and future ability to pay the sanctions. We note that although appellant did not appeal the imposition of the $500 fine, it was properly imposed. R.C. 2705.05 prescribes monetary sanctions for instances of contempt, but "[t]hese statutes are merely cumulative to a court's inherent contempt power, and they do not in any way abridge that inherent power." *Cleveland v. Bright*, 8th Dist. Cuyahoga No. 108989, 2020-Ohio-5180, ¶ 35, citing *Hale*, 55 Ohio St. at 213, 45 N.E. 199. Trial courts thus, "are not bound by the sanction limits set forth in R.C. 2705.05 when imposing a penalty for contempt." *Id.* at ¶ 45. As to imposing a financial sanction in the form of expenses, appellant argues the trial court was limited to the requirements of the criminal sentencing statutes, citing R.C. 2929.19(B)(6). This criminal sentencing provision requires a trial court to consider the ability of a criminal defendant's ability to pay a financial sanction before imposing a financial sanction. Appellant has cited no law or authority that would similarly limit a trial court's inherent ability to fashion a fine or determine expenses in a contempt action. Appellant's second assignment of is overruled.

{¶ 13} However, we note that at the hearing, the trial court awarded eight hours of lost wages to D.W. in the amount of $167.12, eight hours of lost wages to appellant in the amount of $76.80, and $13 for parking but that the journal entry ordered all expenses to be paid to appellee. Because the entry does not reflect what occurred at the hearing, we remand this matter to the trial court to issue an order

that reflects the specific award of expenses to be paid to appellee and the specific award of expenses to be paid to D.W. individually.

{¶ 14} Affirmed and remanded.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR